In the Matter of Edward J. Drayson, Respondent, v. Board of Trustees of the Police Pension Fund of the City of New York, Article 2, Appellant.

First Department, November 18, 1971.

*Jesse J. Fine* of counsel (*Stanley Buchsbaum* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for appellant.

*Harold Dublirer* of counsel (*Dublirer, Haydon & Straci,* attorneys), for respondent.

McGivern, J.   In this article 78 of the CPLR proceeding, respondent appeals from a judgment (Ross, J.), entered in the office of the Clerk of the County of New York on January 7, 1971 which directed respondent to forthwith grant to petitioner a service-connected accident disability pension.

The record discloses that in 1967 the 27-year-old petitioner patrolman sustained a " back injury " while sitting in a patrol car which was struck by another automobile.   It appears that after the accident petitioner was X-rayed at St. Mary's Hospital.   X rays of the spine and pelvis disclosed no fracture; an orthopedic examination merely revealed his condition as one where there was a " Cervical-Dorsal Sprain ".   Nevertheless, he remained on sick report from the date of the accident until appellant, the Board of Trustees of the Police Pension Fund, retired him, effective May, 1970.

The question presented is whether the trustees' decision that petitioner was not disabled because of the 1967 car accident and therefore not entitled to service-connected disability retirement was arbitrary and capricious.

Petitioner was first appointed to the force in October, 1963, and remained on active duty until April 30, 1967, the day the accident occurred, when, as a result of the claimed injuries sustained in the automobile accident, he went on sick report.

He stayed on sick leave from the date of the accident until October 29, 1967.   He again reported sick on October 31, 1967 and remained on sick report until November 15, 1968.   He thereafter remained on sick leave until his retirement which followed a request by him for a Police Department medical examination to determine his fitness for duty.   The board found that the petitioner suffered from " an ill defined condition manifested by complaints of pain for which no adequate medical cause has been found " and recommended that he be retired on ordinary disability.   It was recommended that his application for service-connected accident disability for retirement be disapproved.

The appellant on March 2, 1970 followed the medical board's recommendation and retired the petitioner as of May 18, 1970 on ordinary disability.

Continued complaints by petitioner resulted in a psychiatric evaluation on recommendation of a Police Department surgeon; the psychiatrist decided there was a "strong psychological overlay" blocking petitioner's improvement. A neurological examination in July of 1968 was negative of evidence of "neurological or psychiatric disease". The doctor conducting the examination found petitioner fully fit for duty and believed a lawsuit petitioner had pending played a considerable part in petitioner's complaint. In this connection, it may be significant that one of health insurance plan's doctors, who examined petitioner, noted that petitioner "most likely would be happy to detach from the Police Department" and that it was his impression "that the patient firmly believes that his condition is permanent, no one can help him"; also that the medical board, upon interviewing the petitioner, observed that examination was difficult to execute "because of voluntary resistance", stating it believed petitioner was fully fit for duty and that "his present complaints are entirely factitious and that his major motivation is monetary in relation to his lawsuit".

A re-examination of petitioner was had in September, 1969 by the police surgeon. The report following this examination stated "No definite orthopedic pathology of the spine or related upper or lower extremities is demonstrated." This conclusion was in accord with petitioner's hospital insurance plan group records, which disclosed no abnormalities of the spine. An electroencephalogram which the group made also showed his condition to be normal. In short, neither petitioner's group doctors nor the doctors of the Police Department were able to attribute the genesis of petitioner's complaints, principally consisting of persistent headaches and pain in his lower back and neck, to the accident alleged to be the cause of such.

We cannot accept the view of the court below that the determination of appellant was arbitrary and capricious constituting an abuse of discretion. The burden of proving that petitioner's claimed ailments were and are causally connected to the accident rested upon him. He failed to sustain this burden, and the board could find no objective evidence to explain complaints.

In determining the question of causal relation, the test is the existence of some credible evidence to support the findings of appellant. There is ample evidence of that nature in the present case. The medical board's finding of unfitness on an ill-defined condition manifested by complaints of pain is not a proper predicate for granting a pension based upon service-connected disability. The fact that the board found petitioner

was disabled from duty as a policeman did not compel, on this record, a conclusion that the disablement arose out of his service. The fact that the causes of psychosomatic complaints may lie in matters which defy discovery, lends no support to respondent's position that the accident was the genesis of his complaints, the proximate or immediate cause, and of the condition from which he was retired. The fact that neither the medical board nor appellant could find or name the exact cause of petitioner's disability does not invalidate their findings, implicit in their decision, that there was no causal connection. (*Matter of Thomasson* v. *Valentine*, 263 App. Div. 334.)

Finally, there was no conflict of medical testimony in this case. Even if there were, appellant was entitled to rely on the medical advice of the medical board, and its determination based on such relevance should not be disturbed. (*Matter of Adams* v. *Board of Educ. of City of N. Y.*, 286 App. Div. 868, mot. for leave to app. den. 309 N. Y. 1032.) Particularly is this so when none of the medical experts who examined the petitioner could find any basis for concluding that his disability resulted from an injury sustained in the course of performing his duties as a police officer.

In light of all the facts here disclosed, the appellant's decision that there was no causal connection between the accident and petitioner's complaints is neither arbitrary nor unreasonable.

Accordingly, the judgment appealed from should be reversed and the petition dismissed, without costs or disbursements.

STEVENS, P. J., CAPOZZOLI, STEUER and TILZER, JJ., concur.

Judgment, Supreme Court, New York County, entered on January 7, 1971, unanimously reversed, on the law and on the facts, without costs and without disbursements, and the petition dismissed.