■ In the Matter of FRANK DABBIERO, Respondent, v POLICE DEPARTMENT OF THE CITY OF NEW YORK et al., Appellants.—Order, Supreme Court, New York County, entered February 3, 1977, remanding to respondent-appellant board of trustees, Police Pension Fund, petitioner-respondent's application for a service-connected disability pension, unanimously reversed, on the law, the petition under CPLR article 78 dismissed, and the underlying determination of respondent-appellant Board of Trustees denying the application for a service-connected disability pension confirmed, without costs and without disbursements. The finding of the fund's medical board had been that the hearing impairment suffered by petitioner did not disqualify him from police duty. This obviated the question of which form of disability pension petitioner may have been entitled to for he was entitled to neither. The fact that there was medical opinion from outside respondent's medical board which disagreed with that board's findings is of no consequence, for respondent board of trustees was entitled to accept its own medical board's opinion. (See *Matter of Drayson v Board of Trustees of Police Pension Fund of City of N. Y.,* 37 AD2d 378, 381.) Nor is this case, as is argued, controlled by *Matter of City of New York v Schoeck* (294 NY 559), wherein the question was not whether the employee there was disabled; that was not at issue, but the dispute concerned whether his disability was service connected. Concur—Lupiano, J. P., Fein, Lane, Markewich and Sullivan, JJ.