■ CONSTANCE T. BELTON, Respondent, v HAROLD E. HERKOMMER, as Executive Director of the New York City Employees' Retirement System, et al., Appellants. — Order, Supreme Court, New York County (Klein, J.), entered November 14, 1980, which granted reargument and adhered to the court's initial determination granting the petition to the extent of directing respondents-appellants to afford petitioner a hearing to enable her to produce evidence and witnesses to substantiate her claim to an accident-related disability, unanimously modified, on the law, without costs, to the extent of dismissing the petition and reinstating the determination of the Board of Trustees of the appellant New York City Employees' Retirement System, and the order is otherwise affirmed. Appeal from the order of Supreme Court, New York County (Klein, J.), entered April 11, 1980 dismissed, without costs, as academic. After reargument, the Supreme Court granted leave to appeal from "the judgment of this Court, dated April 8, 1980". As there is no such decretal paper, we interpret this order as granting leave to appeal from both the April 11 and November 14, 1980 orders. Two and one-half years elapsed between the knee injury allegedly sustained by petitioner on October 22, 1974, while at work for the department of correction, and the surgery which was performed on April 8, 1977 to repair a torn lateral meniscus of petitioner's left knee. In the more than two-year period between October 22, 1974 and January, 1977, petitioner did not lose any time at work due to a knee injury. A later accident occurred in January, 1978, when petitioner fell on ice, and, in that circumstance, petitioner was absent from work for 35 days. She was then required to have further surgery to her knee. The medical board's conclusion that "due to the long duration of time between the injury and the subsequent condition of the left knee requiring surgical intervention * * * it is the opinion of this Board that the present disability is unrelated to the accident of October 22, 1974" was adopted by the Board of Trustees of the appellant New York City Employees' Retirement System. A review of the record in this case reveals that there was substantial evidence that petitioner's disability was not related to her accident on October 22, 1974. Petitioner was able to return to work the same day as her accident, and then was able to work for over two years without any knee disability. The medical board also examined petitioner and her medical records before reaching its decision. Petitioner, however, did not introduce any persuasive evidence substantiating her claim that her disability was related to the accident, although it was her responsibility to do so (Matter of Bombacie v Board of Trustees of Police Pension Fund, Art. II, N.Y. City Police Dept., 74 AD2d 530). The fact that the Workers' Compensation Board

did find her surgery to have been caused by the accident is not dispositive as it is well established that appellants are not bound by such determinations. (See Administrative Code of City of New York, § B3-45.0, subd c; *Matter of Croshier v Levitt,* 5 NY2d 259, 265.) There is no basis in this matter to accord petitioner a second opportunity to make her case. Her failure to present any persuasive proof of an accident-related disability, coupled with her attendance record and the examination conducted by the medical board provided substantial credible evidence to support the board's findings *(Matter of Scotto v Board of Trustees of Police Pension Fund of City of N.Y.,* 76 AD2d 774, affd 54 NY2d 914). Therefore, we uphold appellant's adoption of the findings of its medical board and reinstate the denial of petitioner's application for accident disability. Concur — Murphy, P.J., Sandler, Ross and Lupiano, JJ.