■ CARMINE MANZOLILLO, Respondent, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Appellant. — Order and judgment (one paper) Supreme Court, New York County (Kirschenbaum, J.), entered November 13, 1980, which, after reargument, remanded petitioner's application for an accident disability retirement pension to the Medical Board to determine the cause of petitioner's disability, unanimously reversed, on the law, without costs or disbursements, the petition dismissed and the determination of the retirement system denying petitioner's application confirmed. Petitioner, a Housing Authority patrolman, sought an accident disability pension from the New York City Employees' Retirement System for a disabling elbow condition which has been diagnosed as "bilateral and medial epicondylitis" and which he contends is the result of performing patrol duties on a motor scooter during the last seven years of his career. Although he claimed that his condition was caused by an accident which occurred on December 24, 1973, petitioner was unable to prove that an accident occurred on that date, or any other date, for that matter. He thereafter sought to justify his right to an accident disability pension on the basis of a disability causally related to repetitive trauma, that is, an occupational disability or disease. Petitioner's claim was properly rejected. Section B18-43.0 of the Administrative Code of the City of New York, which controls, provides for accident disability retirement if the Medical Board certifies that the applicant is physically or mentally incapacitated "as a natural and proximate result of an *accidental injury* received in such city-service" (emphasis added) and recites "the time, place, and conditions of such city-service * * * resulting in such disability". Eligibility for accident disability retirement requires, therefore, as does eligibility for accidental death benefits under section B18-39.0 of the Administrative Code, not merely that the disability or death be job related, but that it result from a job-related accident. (See *Uniformed Firefighters Assn., Local 94, IAFF, AFL-CIO v Beekman*, 52 NY2d

463, 467-468.) Since petitioner, who had the burden of proving that his accident was causally related to an accident occurring in the performance of his duties (*Matter of Drayson v Board of Trustees of Police Pension Fund of City of N. Y., 37 AD2d 378, affd 32 NY2d 852*), has not shown, nor even alleged, that his elbow disease was the result of any particular accident or accidents, no justification exists for Special Term's remand of the matter to the Medical Board to identify the nature of the disability or its cause. Concur — Murphy, P. J., Sullivan, Carro, Markewich and Milonas, JJ.