■ In the Matter of DANNY RINALDI, Respondent, v BOARD OF TRUSTEES OF NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Appellants. — Judgment, Supreme Court, New York County (Dontzin, J.), entered February 11, 1981 annulling determination and resolution of the Board of Trustees of the New York City Employees' Retirement System of March 28, 1980, and remanding the matter to the medical board with the right in petitioner to be represented by counsel, is unanimously reversed, on the law, and the petition is dismissed, without costs. Leave to appeal to this court was granted by order of a Justice of this court on May 7, 1981. On April 29, 1982 this court held that eligibility for accidental death benefits in the New York City Employees' Retirement System under section B18-39.0 of the Administrative Code of the City of New York requires "not merely that the disability or death be job related, but tha⁺ it result from a job-related accident", "the result of any particular accident or accidents" (*Manzolillo v New York City Employees' Retirement System,* 87 AD2d 791, 792, citing *Uniformed Firefighters Assn. Local 94, IAFF, AFL-CIO v Beekman,* 52 NY2d 463, 467-468). That holding removes the "special circumstances" that Special Term found in this case and makes no longer decisive the issue on which Special Term remanded the matter to the medical board, i.e., whether petitioner's alleged incapacity was based on his exposure on the job to dusts and chemicals. In this case it is clear that no particular accident took place. The claim of disability is merely one of job-related exposure to harmful dusts and chemicals over a period of time. The petitioner is not entitled to an adversary hearing with the right to representation by counsel before the medical board. (*Matter of Balash v New York City Employees' Retirement System,* 34 NY2d 654; *Basciano v Herkimer,* 605 F2d 605, cert den 442 US 929.) It is enough if the petitioner is afforded the opportunity to submit evidence in support of his claim and an opportunity, at least before the trustees, to controvert the medical board's conclusions. (*Matter of Balash v New York City Employees' Retirement System, supra.*) He did have such an opportunity. Finally we note that the medical board determined in its medical judgment that petitioner did not have "significant disability which would not permit this man to continue at his exterminator job." The board of trustees was justified in relying on the medical board. Concur — Murphy, P. J., Sandler, Carro, Silverman and Milonas, JJ.