■ In the Matter of EDWARD CANFORA, Respondent, v BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, ARTICLE II, Appellant. — Judgment, Supreme Court, New York County

(Ostrau, J.), entered on August 28, 1981, which annulled a determination of respondent-appellant, Board of Trustees of the Police Pension Fund (Trustees), awarding petitioner an ordinary disability retirement pension and directing that respondent grant petitioner's application for accident disability retirement, is unanimously reversed, on the law and facts, petitioner's application denied, the petition dismissed and respondents' determination reinstated, without costs. On three separate occasions the Medical Board of the Police Pension Fund (Board) considered petitioner's application for accident disability retirement. Petitioner claimed that his present disability is the proximate result of a line-of-duty accident suffered on December 7, 1971. In May, 1979, the Board initially recommended a complete denial of petitioner's request. This determination was made after considering conflicting medical testimony submitted by the respective parties. The Board concluded that "[t]he degenerative changes noted in the films are apparently due to progressive wear and tear and is frequently seen even without accident." On reconsideration the Board altered its position and in October, 1979, recommended that petitioner be granted a nondisability retirement pension. However, the Board of Trustees referred the matter back to the Medical Board to consider the fact that, before petitioner's accident, in May, 1971, petitioner claimed that he was suffering from pains in his neck. After again considering this request, the Medical Board arrived at its third and different conclusion, to wit: a recommendation that accident disability benefits be awarded. The Board of Trustees rejected this latest recommendation and instead made a finding of ordinary disability retirement. The chief surgeon of the police department, Dr. Clarence Robinson, who is also the medical advisor to the Board of Trustees, reviewed petitioner's case and noted to the trustees that petitioner's accident could not have been that serious since he was not hospitalized thereafter; that, after the accident, he remained on sick report for 11 days and was working his full assignment for the next five years, except for periods of illness unrelated to the accident. This expert stated that "I don't think that there was a logical reason for deciding [in May, 1980] that the symptoms are now related to an accident which took place December 7, 1971, when all along they had the electrodiagnostic studies, x-rays, everything else which would show that there had been no accident." Dr. Robinson concluded that the findings of the Board of a narrowing of petitioner's cervical spine since 1973 were more consistent with arthritis than the accident. Special Term reinstated the third determination of the Board, a finding of accident disability retirement. The city appeals, arguing that the determination of the trustees was not arbitrary and capricious and is based on credible evidence. We agree. A clear difference of medical opinion existed as to the cause of petitioner's disability. Several experts for petitioner maintained that petitioner was not fit for full police duties and traced the cause of this disability to the 1971 accident. However, an opposite thesis was advanced by representatives of the city. These experts contended that petitioner's disabling condition was not related to the accident, that it existed before and, through gradual wear and tear, worsened. This latter theory was accepted and petitioner was retired. This court has previously held that even in the face of conflicting medical reports, the trustees are "entitled to rely on the medical advice of the medical board, and its determination based on such relevance should not be disturbed." (*Matter of Drayson v Board of Trustees of Police Pension Fund of City of N. Y., Art. 2,* 37 AD2d 378, 381, affd 32 NY2d 852.) There can really be no doubt that the Board of Trustees determination is based on credible evidence, as shown by petitioner's work history, the opinions of the medical experts employed by the city and by the analyses performed by both the Medical Board and the Board of Trustees. It has long been the law in this

State that "the court cannot direct the * * * trustees to accept * * * [Medical Board's] finding unless that finding is incontestably correct and there is no room for reasonable difference of opinion" (*Matter of City of New York v Schoeck,* 294 NY 559, 569). Accordingly, the determination of the Trustees should be reinstated. Concur — Murphy, P. J., Kupferman, Sullivan, Ross and Milonas, JJ.