■ In the Matter of CHRISTOPHER MENNA, Respondent, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Appellant. — Order and judgment (one paper), Supreme Court, New York County (Ryp, J.), entered January 26, 1982, which granted the petition and annulled appellant's determination denying petitioner's application for accident disability benefits, reversed, on the law, without costs or disbursements, the petition dismissed and the determination of the retirement system denying petitioner's application reinstated. Petitioner, a Housing Authority patrolman, sought accident disability benefits from appellant New York City Employees' Retirement System, claiming that, on January 11, 1979, while on duty, he sustained a disabling back condition when he placed a spare tire into the trunk of his patrol car. His application was twice remanded to the medical board following the adoption by the board of trustees of a resolution defining "accident," within the context of accident disability benefits, as an injury sustained by an employee in the course of his usual duties 'or work activities, proximately caused by "an external, unexpected and unusual fortuitous event". After the refusal of appellant to grant accident disability retirement, petitioner brought this proceeding to challenge the determination as arbitrary and capricious. Special Term granted the petition, finding error in the application by retirement system to this petitioner of its newly formed definition of the term "accident". The recent memorandum of the Court of Appeals in *Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N. Y.* (57 NY2d 1010), is dispositive of the issue tendered on this appeal. The court there adopted (p 1012) a definition of the term "accident" which excluded "an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties". It held such an injury to be without the scope of "accidental injury" within the meaning of section B18-43.0 of the Administrative Code of the City of New York. In *Matter of Lichtenstein,* petitioner, a police officer, claimed a disabling back injury as a result of the requirement of employment which necessitated his leaning over the hood of an automobile to place a summons on the vehicle. Concluding that there was no accidental injury, the court, within the foregoing definition, cited the absence of a sudden or fortuitous event as the cause of the injury, albeit resulting in the course of employment. The same reasoning applies here so as to preclude recovery of accident disability benefits in the absence of an unexpected or fortuitous event, causing or resulting in the injury claimed to exist (see, also, *Matter of Rinaldi v Board of Trustees of New York City Employees' Retirement System,* 88 AD2d 870). The board properly exercised its authority in interpreting the statute and the construction adopted was neither irrational nor arbitrary. Concur — Sandler, J. P., Silverman, Bloom, Milonas and Kassal, JJ.