■ In the Matter of EDWARD J. SHANNON, Respondent, v BOARD OF TRUSTEES OF NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Appellants. — Judgment of the Supreme Court, New York County (Blyn, J.), entered on October 20, 1981, which granted petitioner's application pursuant to CPLR article 78 to the extent of remanding the matter to the medical board, is unanimously reversed, on the law, without costs, the petition dismissed and determination of respondents reinstated. Petitioner, a former employee of the New York City Department of Sanitation, filed an application for accident disability retirement as the result of injuries which he allegedly suffered when on the job. According to petitioner, he hurt his back while lifting a heavy can of garbage. Although the Medical Board of the New York City Employees' Retirement System ultimately found the petitioner to be disabled, they denied his request for accident disability retirement since the disability was not caused by an accident. Special Term, in granting the ensuing article 78 petition challenging the administrative determination to the extent of re-manding the matter to the medical board for further proceedings, concluded that the respondents' decision involved a retroactive application of resolution R-96, which had been adopted in September of 1980 by the board of trustees of the New York City Employees' Retirement System. Resolution R-96 provides that an injury sustained during the regular course of work without the intervention of an " 'external, unexpected and unusual fortuitous event' " is not an accident within the definition of section B3-40.0 of the New York City Administrative Code. However, petitioner's injuries and application for bene-fits had occurred in 1979. This court, in *Matter of Menna v New York City Employees' Retirement System* (91 AD2d 537), rejected the precise rationale relied upon herein by Special Term. In addition, the Court of Appeals, in *Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N. Y., Art. II* (57 NY2d 1010, 1012), recently held that "an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury within the meaning of section B18-43.0". (see, also, *Matter of Schussler v Codd,* 91 AD2d 890; *Matter of Cardone v Codd,* 91 AD2d 909; *Rinaldi v Board of*

*Trustees of N. Y. City Employees' Retirement System,* 88 AD2d 870; *Manzolillo v New York City Employees' Retirement System,* 87 AD2d 791.) Petitioner's injuries having been the consequence of picking up a heavy garbage can, an "activity undertaken in the performance of ordinary employment duties" and not due to an unexpected event, respondents appropriately denied his application for accident disability retirement benefits. Concur — Ross, J. P., Asch, Milonas, Kassal and Alexander, JJ.