■ In the Matter of WILLIAM P. MCMANUS, Respondent, v ROBERT J. MCGUIRE, as Police Commissioner of the City of New York and as Executive Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Appellants. — Judgment of the Supreme Court, New York County (Cohen, J.), entered on December 8, 1980, which granted the petition to the extent of vacating and annulling the determination of the Board of Trustees of the Police Pension Fund, Article II, which denied petitioner's application for accident disability pension and remanded the matter to respondent for consideration and re-evaluation of all pertinent medical evidence is unanimously reversed, without costs, on the law, and the petition is dismissed. Petitioner, a firearms instructor for some 12 years, was recommended for accident disability retirement by the medical board based upon a finding that he had sustained a hearing loss — resulting in a speech discrimination of only 82% in the left ear and only 68% in the right that was disabling and not correctible by amplification. The medical board found that this hearing loss was directly related to acoustic trauma resulting from petitioner having worked on both indoor and outdoor firing ranges from 1957 to 1969, wearing no ear protection prior to 1962, and having continued firearms training once a year from 1969. The trustees rejected this recommendation finding that petitioner had sustained an occupational hearing loss; but that there was no specific accident. Petitioner has the burden of proving that his loss of hearing was caused by a line of duty "accident". (See *Matter of Drayson v Board of Trustees of Police Pension Fund of City of N. Y., Art. 2,* 37 AD2d 378, affd 32 NY2d 852.) In *Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N. Y., Art. II* (57 NY2d 1010, 1012), the Court of Appeals defined the term "accident" to exclude "an injury which occurs without an unexpected event as

the result of activity undertaken in the performance of ordinary employment duties". Petitioner's hearing loss, although admittedly occupational in nature, falls outside the scope of accidental injury as defined in *Lichtenstein*. Concur — Ross, J. P., Silverman, Fein, Milonas and Alexander, JJ.