■ In the Matter of GUSTAAF P. BAART, Respondent, v ROBERT J. MCGUIRE, as Police Commissioner of the City of New York, and as Executive Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Appellants. — Order and judgment (one paper) entered December 4, 1981 in Supreme Court, New York County (Tierney, J.), granting petitioner's CPLR article 78 application and remanding the matter to the Board of Trustees of the Article II Pension Fund for the New York City Police Department for reconsideration, unanimously reversed, on the law, the determination of the board of trustees is reinstated, and the petition is dismissed, without costs. Petitioner's application for accident disability retirement was not approved by a majority of the board of trustees (*Matter of City of New York v Schoeck,* 294 NY 559), and the trustees retired him on ordinary disability at their March 18, 1981 meeting. On June 9, 1981 petitioner commenced this proceeding, alleging that the running up and down a soccer field pursuant to his assignment to the Police Athletic League and youth programs was the proximate cause of his chondromalacia of the right knee, the injury for which he claims accident disability. "Eligibility for accident disability retirement requires * * * not merely that the

disability or death be job related, but that it result from a job-related accident. (See *Uniformed Firefighters Assn., Local 94, IAFF, AFL-CIO v Beekman,* 52 NY2d 463, 467-468.)" (*Manzolillo v New York City Employees' Retirement System,* 87 AD2d 791, 791-792.) In this situation "no particular accident took place" (*Matter of Rinaldi v Board of Trustees of N. Y. City Employees' Retirement System,* 88 AD2d 870), and accordingly it was not arbitrary and capricious for the trustees to deny line-of-duty disability retirement to petitioner. (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N. Y., Art. II.,* 57 NY2d 1010.) Although petitioner does claim that a line-of-duty accident to his knee, suffered nine years previously, is the true source of his disability, with the soccer field running only an aggravation of that original injury, petitioner never lost a day's work as a result of the old injury and was in no way able to show to the board's satisfaction that the two injuries were at all related. "The burden of proving causal connection is upon petitioner. (*Matter of Drayson v Board of Trustees of Police Fund of City of N. Y.,* 37 AD2d 378, affd 32 NY2d 852.)" (*Matter of Bombacie v Board of Trustees of Police Pension Fund, Art. II, N. Y. City Police Dept.,* 74 AD2d 530, 531.) Thus, while petitioner did show that his injury was the result of his line-of-duty activity, he is not able to claim a line-of-duty retirement benefit because it was not established there was an "accident" within the meaning of section B18-43.0 of the Administrative Code of the City of New York. (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund Police Dept. of City of N. Y., Art. II., supra,* at p 1011.) Concur — Carro, J. P., Bloom, Fein, Lynch and Kassal, JJ.