OPINION OF THE COURT
Edward J. Greenfield, J.
This CPLR article 78 proceeding seeks to annul the denial by the respondent Board of Trustees of accidental retirement benefits to the petitioner pursuant to section B18-43.0 of the Administrative Code of the City of New York.
Petitioner, a New York City policeman, suffered a lumbosacral sprain or herniated disc while assigned to the personnel department when he moved two trays of cards for the computer files. The Medical Board found that petitioner had sustained a line-of-duty injury, but the Board of Trustees of the Police Pension Fund voted 6-6 on his qualifying for accidental disability retirement, and so he was retired for ordinary disability pursuant to Matter of City of New York v Schoeck (294 NY 559).
Petitioner contends that inasmuch as his injury was sustained while performing a task not ordinarily a part of his regular duties, the event which triggered his injuries *416 must be considered accidental. This contention, however, is based upon a misconstruction of the standards applied in Matter of Knight v McGuire (94 AD2d 623), Matter of Covel v New York State Employees’ Retirement System (84 AD2d 902), and Matter of Menna v New York City Employees’ Retirement System (91 AD2d 537).
The accident disability provisions of section B 18-43.0 of the Administrative Code require that the disability be line-of-duty or service-connected, that it not be the result of willful negligence, and that it be the “natural and proximate result of an accidental injury”. The Court of Appeals, in Matter of Lichtenstein v Board of Trustees (57 NY2d 1010), adopted the definition of “accident” as defined in Johnson Corp. v Indemnity Ins. Co. (6 AD2d 97,100, affd 7 NY2d 222), that an accident is a “sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact”. There a police officer who sustained a disabling back injury while bending over the hood of a car to place a summons on its windshield was held not to have sustained an accidental injury. The court however added (57 NY2d, at p 1012): “an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury within the meaning of section B18-43.0”.
Thus, in Matter of Knight v McGuire (supra), the majority of the Appellate Division, focusing on the Court of Appeals language as to “activity undertaken in the performance of ordinary employment duties”, found that a police officer who slipped on a wet sidewalk while getting into his police car, sustaining orthopedic injury to his elbow, had not sustained an accidental injury. They declared that (94 AD2d, at p 623) “[ijnjuries sustained during the performance of an employee’s regular duties resulting from risks inherent in the tasks being performed are not accidents within the ambit of the Administrative Code”. There were two vigorous dissents, however, to the effect that a slip and fall was a “ ‘sudden and fortuitous event, injurious in impact’ ” (94 AD2d, at p 625) and the fact that it occurred in the ordinary course of duties was of no moment. As Justice Asch appropriately pointed out, to include an addi *417 tional requirement that the injury be sustained in line-of-duty activity, but that it not arise from a risk inherent in the task to which the policeman was assigned, would rule out accidental disability benefits for police officers who were shot while carrying out their duties of apprehending criminals. Such an absurd result surely is not what the statute contemplates.
Thus, to analyze this case in terms of whether it was petitioner’s job to lift trays of cards for the computer or was the duty of someone else is to divert us from proper analysis. It is really unnecessary for this case. If two police officers had sustained back injuries while lifting trays, could one recover because it was not his regular job, and the other be barred because it was? The focus of the inquiry must be on the nature of the precipitating cause, and not the job assignment. See the decision of this court in Katchen v McGuire (index No. 23477/82), where an injury sustained in a fall on subway stairs while an officer was returning to the station house was held to have resulted in accidental injury.
The difficulty the courts have had is in having to decide how to deal with back injury cases. Where one has a back which is susceptible to sudden injury as a result of ordinary, everyday bodily movements — a stretch, a bend, a reach, a lean — whether the condition has theretofore been known, or is merely latent, the condition is precipitated, or aggravated by a commonplace motion. That is what the courts are unwilling to declare as an accidental injury. If, on the other hand, there is an identifiable traumatic event which causes the back injury — a car crash, a falling rafter, a flying body — what difference should it make whether the injured person is in the course of carrying out his regularly assigned duties or not? There must be an intervening, external and unusual event which causes the injury, and not a routine movement causing a preexisting condition to flare up. Thus, the results in Lichtenstein (57 NY2d 1010, supra), Covel (84 AD2d 902, supra), Matter of Menna v New York City Employees’ Retirement System (91 AD2d 537, affd 59 NY2d 696), and Matter of Lawrence v McGuire (94 AD2d 982).
*418 On the facts here presented it cannot be said that the determination by the Board of Trustees that petitioner had not incurred accidental disability was arbitrary or capricious. The application must be denied, and the petition dismissed.