■ In the Matter of HENRY MEYER, Respondent, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York and as Executive Chairman of the Board of Trustees of the Police Pension Fund, Article II, of the City of New York, et al., Appellants. — Order and judgment (one paper), Supreme Court, New York County (Norman C. Ryp, J.), entered September 24, 1982, which, *inter alia,* (1) annulled the determination of the respondent Board of Trustees of the Police Pension Fund, Article II (Board) which denied petitioner's application for an accidental disability pension; and, (2) granted the petition to the extent of remanding the application to the Board for a fact-finding hearing, is unanimously reversed, on the law, the petition is dismissed, and the Board's determination is reinstated, without costs.

In 1968 petitioner was appointed a New York City police officer. While investigating a fire, on August 13, 1979, he injured his neck and back. More than six months later, pursuant to a claim that these injuries had permanently incapacitated him, petitioner applied for accidental disability retirement. The Medical Board of the Police Pension Fund, Article II, recommended to the Board of Trustees (Board) that petitioner should

be retired for ordinary disability, since he was no longer fit to perform his police duties, as a result of a condition known as ankylosing spondylitis, and that this condition was unrelated to his 1979 accident. After the Board discussed the medical evidence, the petitioner received an ordinary disability retirement, as a result of a 6 to 6 vote.

Subsequently, petitioner instituted the instant CPLR article 78 proceeding, upon the basis that the Board's action was arbitrary and capricious. Special Term concluded that the Board's tie vote reflected the closeness of the issues and remanded the matter to the Board for a fact-finding hearing.

We hold that Special Term misinterpreted the significance of the vote. "The denial of accidental disability benefits in consequence of the tie vote can be set aside on judicial review only if the courts conclude that the retiree is entitled to the greater benefits as a matter of law" (*Matter of Canfora v Board of Trustees,* 60 NY2d 347, 352). Our examination of the record convinces us that petitioner did not sustain his burden of proving a causal connection (*Matter of Drayson v Board of Trustees,* 37 AD2d 378, 380-381, affd 32 NY2d 852) between the 1979 incident and his present disabling ailment, so as to overcome the opinion of a unanimous Medical Board that there is no such connection. Since the Board's decision had a rational basis, was based on substantial evidence, and was not arbitrary, we find no justification to disturb the Board's determination. Concur — Sullivan, J. P., Ross, Bloom, Fein and Kassal, JJ.