■ In the Matter of HENRY F. SCHMIDT, Respondent, v ROBERT J. MCGUIRE as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Louis Grossman, J.), entered July 27, 1984, which granted this CPLR article 78 petition to the extent of: (1) remanding the proceeding to the respondent Medical Board of the Police Pension Fund, Article II, for further consideration of the issue of whether the petitioner's present disability, which resulted from a 1972 line-of-duty injury, is causally related to a 1969 line-of-duty injury, and, (2) granting leave to petitioner to submit evidence in support of his position on that issue, is

unanimously reversed, on the law and on the facts, and the petition is dismissed, without costs.

Petitioner received two line-of-duty injuries during the course of his police career.

The first occurred on January 30, 1969, when his motor vehicle was in a collision. As a result of that accident, petitioner suffered injuries which caused him to be on sick report from January 30, 1969 to February 23, 1969. The respondent New York City Police Department (Department) designated the petitioner's injuries to have been incurred in the line of duty and the Chief Surgeon of the Department diagnosed those injuries to be: "cervical sprain; cerebral concussion; contusion of left knee."

The second line-of-duty injury occurred on August 14, 1972, when the petitioner injured his back.

Examination of the records of the Department indicates that, in the approximately 3½ years that elapsed between his 1969 injury and the occurrence of his 1972 back injury, the petitioner did not take any sick days due to back pain, even though during that period he was on sick report for 58 days.

The August 14, 1972 injury took place in the 110th Precinct station house. In a memorandum, dated August 14, 1972, recommending line-of-duty designation, the operations lieutenant of that precinct set forth the circumstances that resulted in petitioner's injury. This lieutenant wrote, in pertinent part, that petitioner, "was in the process of cleaning the muster room of the Station House [when], as he bent down to pick up a waste basket from under the desk he felt a pain in his lower back and was unable to stand". Department medical personnel diagnosed this 1972 injury as lumbosacral sprain and, because of it, petitioner was on sick report from August 14, 1972 to October 22, 1972.

Within weeks of returning to duty from the 1972 injury, petitioner was again disabled with a diagnosis of lumbosacral sprain, and this time he was on sick report from December 5, 1972 to February 2, 1973.

After February 2, 1973, according to the records of the Department, for approximately the next 4½ years, petitioner did not report sick because of back pain.

Thereafter, on September 8 and 9, 1977, petitioner, while off duty, complained of "a sudden sharp pain in the low back" while bending over. In response to that incident, on September 10, 1977, petitioner was hospitalized with a diagnosis of herniated lumbar disc. The petitioner was treated with trac-

tion. Following petitioner's hospital discharge, over the course of the next several years, he was hospitalized three more times with lower back problems.

By application to the Police Pension Fund's Board of Trustees (Board), dated May 5, 1980, petitioner requested accident disability retirement, on the basis of the pain in his lower back, which resulted from petitioner's August 14, 1972 line-of-duty injury. Nowhere in that application does petitioner make reference to the prior 1969 line-of-duty injury, which was discussed *supra*. The Medical Board of the Police Pension Fund, Article II (Medical Board) was directed to examine petitioner.

Petitioner supported his application with a letter from Dr. Nathan Pollack (Dr. Pollack), who had examined petitioner for the first time on August 18, 1980. In his letter, which was addressed to the Department's Medical Unit, Dr. Pollack expressed the opinion that petitioner was totally disabled, due to a herniated intervertebral disc in the low lumbar spine, and that the August 14, 1972 injury was the cause of the petitioner's condition.

Following the Medical Board's examination of the petitioner on August 26, 1980, and after they had reviewed the evidence in the file, including Dr. Pollack's letter, the Medical Board, in substance: (1) diagnosed the petitioner's condition as "recurrent lumbosacral strain with radicular component and status post myelogram"; (2) found that the petitioner "is unable to perform full police duties due to a permanent partial defect, due to his line of duty injury [of August 14, 1972]"; and (3) recommended that petitioner's application "be approved for accident disability retirement".

The Board determined that petitioner's 1972 injury, which occurred when he was picking up a waste basket, was not the result of an "accident", as defined by Administrative Code of the City of New York § B18-43.0. The Court of Appeals in *Matter of Lichtenstein v Board of Trustees* (57 NY2d 1010, 1012 [1982]) held that "a back injury sustained [by a police officer] while leaning over the hood of an automobile in order to place a summons on the vehicle, cannot be deemed an accidental injury" within the meaning of the Administrative Code. Therefore, the Board denied petitioner's application, and retired him on ordinary disability.

Subsequently, petitioner instituted an article 78 proceeding to challenge the Board's determination denying his application for accident disability retirement. While petitioner had

based his application to the Department solely upon the 1972 injury, he based his petition upon an alleged causal connection between the 1969 and 1972 injuries. In support of his contention of a causal connection, the petitioner submitted four letters to Special Term, which had not previously been submitted to either the Medical Board or the Board. These four letters are all dated in 1981 and, in substance, contend that the petitioner received medical treatment from his own doctors for back pain shortly after the 1969 injury, and, allegedly the 1969 injury could have set the stage for petitioner's present disability.

Special Term (David H. Edwards, Jr., J.), in an order and judgment (one paper), Supreme Court, New York County, entered August 13, 1982, granted this petition only to the extent of remanding the matter to the Medical Board for review of the question of whether petitioner's disability resulting from his 1972 injury "is the natural and proximate result of petitioner's January 30, 1969 line-of-duty injury".

Upon this remand, the Medical Board reexamined petitioner and reviewed his files. In their new report to the Board, dated January 17, 1983, the Medical Board, in substance, recommended that petitioner be retired for ordinary disability, since they found no connection between the two injuries, in view of the fact "that the [petitioner] had no complaints referable to his lower back according to the sick reports following the injury of January 30, 1969 and there is a three year period up until the incident of 1972 without documentation of back complaints". Thereafter, the Board adopted this recommendation of the Medical Board, and again denied petitioner's application for accident disability retirement. Accordingly, petitioner was continued on ordinary disability retirement.

Petitioner then commenced a second article 78 proceeding, which is the subject of this appeal. Based upon Special Term's conclusion that the Medical Board had not complied with the prior direction of Special Term to consider the issue of whether there was a causal connection between the 1969 and 1972 injuries, Special Term granted the instant petition only to the extent of again remanding that issue to the Medical Board, with leave to the petitioner to submit evidence.

We disagree.

Our review of the entire record leads us to find that Special Term abused its discretion.

After Special Term's first remand, as discussed *supra*, the Medical Board specifically found that the 1969 injury had no

relationship to the 1972 injury. Furthermore, the Medical Board, as discussed *supra,* found that from the time of the 1969 injury until the 1972 injury, three years elapsed during which petitioner made no complaints of back pain. We have held that the Medical Board may properly consider the length of time which passes between a line-of-duty injury and the onset of back pain in making its recommendation that there is no causal connection *(Matter of Scotto v Board of Trustees,* 76 AD2d 774, 775 [1st Dept 1980], *affd* 54 NY2d 918 [1981]; *see also, Belton v Herkommer,* 84 AD2d 713 [1st Dept 1981]).

Petitioner has the burden of proving that his disability was causally related to an accident occurring in the performance of his duties, which would entitle him to accident disability retirement *(Matter of Drayson v Board of Trustees,* 37 AD2d 378, 380 [1st Dept 1971], *affd* 32 NY2d 852 [1973]; *see also, Manzolillo v New York City Employees' Retirement Sys.,* 87 AD2d 791, 792 [1st Dept 1982]). Moreover, when there is a conflict of medical opinion, the Board of Trustees is entitled to rely on the opinion of the Medical Board *(Matter of Scotto v Board of Trustees, supra,* at p 776). Since petitioner has already had two opportunities to present evidence to the Medical Board in an effort to make out his case and failed, we find that there is nothing presented in petitioner's instant petition that would justify giving him a third chance to do so.

Since the Board's decision had a rational basis, was based on substantial evidence, and was not arbitrary, we find no justification to disturb the Board's determination *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231 [1974]; *300 Gramatan Ave Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181 [1978]).

Accordingly, we reverse Special Term's order and judgment and dismiss the petition. Concur—Murphy, P. J., Sullivan, Ross, Carro and Fein, JJ.