■ In the Matter of Peter R. Paul, Respondent, v Board of Trustees of the Police Pension Fund of the Police Department of the City of New York, Article II, Appellant.—Judgment, Supreme Court, New York County (Andrew R. Tyler, J.), entered October 1, 1985, which annulled the determination of the respondent Board of Trustees, which denied the application of petitioner Mr. Peter R. Paul (petitioner) for an accidental disability pension, and remanded the matter to the Board of Trustees for a hearing, is unanimously reversed, on the law and on the facts, judgment is vacated, petition is dismissed, and the determination of the Board of Trustees is reinstated, without costs.

On June 12, 1956, the petitioner was appointed a police officer with the New York City Police Department (Department). Subsequently, on May 17, 1979, after having been unsuccessful in two previous applications, the petitioner submitted to the Department a third application for accidental disability retirement, based upon disabling back pain, which he claimed was the result of a 1973 line-of-duty injury. This

application was referred to the Department Medical Board. When the Medical Board received the 1979 application, it was the *sixth* time the Medical Board was being called upon to consider whether petitioner's back pain had any causal connection to the 1973 injury. Following its review of the petitioner's most recent medical records, the unanimous Medical Board in a report, dated June 18, 1981, to the Board of Trustees of the Police Pension Fund of the Police Department of the City of New York, Article II (Board) stated, in substance, that once again it found that petitioner's disability of low back derangement with radiculopathy was unrelated to the 1973 injury; and, it recommended approval of petitioner for ordinary disability retirement, but denial of his application for accidental disability retirement. Thereafter, at its September 15, 1981 meeting, the Board accepted the Medical Board's recommendation.

Subsequently, in October 1981, petitioner instituted, pursuant to CPLR article 78, a proceeding to challenge the Board's determination. After the Board joined issue, the IAS court annulled the Board's determination which denied the petitioner's application, and remanded the matter to the Board for a hearing, as to whether there is a causal relationship between petitioner's low back disability and the 1973 injury.

In order to be entitled to accident disability retirement, petitioner has the burden of proving that his disability was causally related to the 1973 accident *(Matter of Drayson v Board of Trustees,* 37 AD2d 378, 380 [1st Dept 1971], *affd* 32 NY2d 852 [1973]). Furthermore, when there is "a conflict of medical opinion, the board * * * [is] clearly entitled to rely upon the unanimous opinion of the members of [the] medical board" *(Matter of Scotto v Board of Trustees,* 76 AD2d 774, 776 [1st Dept 1980], *affd* 54 NY2d 918 [1981]).

Our review of the instant record indicates that the petitioner has already had six opportunities to present evidence to the Medical Board in an effort to make out his case and has failed, and we find nothing presented in the petition before us that would justify giving him a seventh chance to do so. Since we find "the Board's decision had a rational basis, was based on substantial evidence, and was not arbitrary, we [further] find no justification to disturb the Board's determination *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231 [1974]; *300 Gramatan Ave Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181 [1978])" *(Matter of Schmidt v McGuire,* 119 AD2d 532, 536 [1st Dept 1986]), and, therefore, the IAS court erred.

Accordingly, we reverse, vacate the judgment, dismiss the

petition, and reinstate the Board's determination. Concur—Sullivan, J. P., Ross, Rosenberger and Wallach, JJ.