■ In the Matter of THOMAS D. JACOBELLIS, Respondent, v BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, ARTICLE II, Appellant

Petitioner, a police officer who aggravated a previously sustained back injury while lifting a typewriter, brought this proceeding pursuant to CPLR article 78 to review respondent's award of an ordinary disability retirement pension, rather than an accidental disability retirement pension. The award was made after the Board of Trustees failed, in a 6-to-6 tie vote, to adopt either a motion to retire petitioner on accidental disability benefits or one to retire him on ordinary disability benefits. *(See, Matter of City of New York v Schoeck,* 294 NY 559.)* The lower court granted the petition and remanded the matter for further investigation as to whether petitioner's lifting of the typewriter was part of an assignment to move a number of typewriters.

Initially, we observe that where, as here, the Board of Trustees determination has resulted from a tie vote, "[t]he denial of accidental disability benefits * * * can be set aside on judicial review only if the courts conclude that the retiree is entitled to the greater benefits as a matter of law". *(Matter of Canfora v Board of Trustees,* 60 NY2d 347, 352.)

Eligibility for accidental disability benefits requires that the injury have been sustained during an accident. As construed in *Matter of Lichtenstein v Board of Trustees* (57 NY2d 1010, 1012), the term " 'accident' " denotes a " 'sudden, fortuitous

mischance, unexpected, out of the ordinary, and injurious in impact' " (quoting *Johnson Corp. v Indemnity Ins. Co.,* 6 AD2d 97, 100, *affd* 7 NY2d 222). In determining whether there has been an accident, the inquiry must focus on "the precipitating cause of [the] injury", and not on "the petitioner's job assignment". *(Matter of McCambridge v McGuire,* 62 NY2d 563, 567.) Thus, the within petitioner's claim that the injury occurred while he was engaged in a task outside of the scope of his regular duties is not germane to the critical issue.

Turning, then, to an examination of the event which precipitated petitioner's injury, we find his lifting of a typewriter not to constitute a " 'sudden, fortuitous mischance' ". *(Matter of Lichtenstein v Board of Trustees, supra,* at 1012.) Rather, the circumstances of this injury are similar to those in *Matter of Aiello v McGuire* (124 Misc 2d 415 [Sup Ct, NY County], *affd on opn below* 111 AD2d 95, *lv denied* 65 NY2d 608), where accidental disability benefits were denied to a police officer who injured his back carrying trays of computer files, a task that was not part of his routine duties.

Accordingly, petitioner is not entitled to accidental disability benefits as a matter of law, and the determination of the Board of Trustees granting petitioner ordinary disability benefits should not have been disturbed. Concur—Murphy, P. J., Carro, Asch, Kassal and Smith, JJ.