■ In the Matter of JOHN DUGGAN, Appellant, v BENJAMIN WARD, as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents.—Judgment, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered December 9, 1988, which dismissed petitioner-appellant's CPLR article 78 petition seeking to annul respondents' determination denying him accidental disability retirement benefits, unanimously affirmed, without costs.

Petitioner failed to meet his burden of establishing a causal connection between his line-of-duty injuries in 1969, 1978 and 1983 and the disability which forced him to retire in 1984 *(Matter of Drayson v Board of Trustees of Police Pension Fund,* 37 AD2d 378, 380, *affd* 32 NY2d 852). The minimal amount of time petitioner was absent from duty following these injuries, as well as the substantial lapse of time between the injuries and the onset of the ultimate disability, constitute substantial evidence of a lack of causal connection *(Matter of Baart v McGuire,* 93 AD2d 791, 792; *Belton v Herkommer,* 84 AD2d 713; *Matter of Scotto v Board of Trustees of Police Pension Fund,* 76 AD2d 774, 775, *affd* 54 NY2d 918). The Medical Board has twice considered the evidence in this case, once at the direction of the Police Commissioner and again at the request of petitioner. There is no indication that a third consideration of this record would lead to a different result *(Matter of Schmidt v McGuire,* 119 AD2d 532, 536, *lv denied* 68 NY2d 605). Concur—Kupferman, J. P., Ross, Rosenberger and Wallach, JJ.