■ In the Matter of KAREN W. BEVERS, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.

On July 15, 1981 petitioner was appointed a police officer with the New York City Housing Authority Police Department ("HAPD"). In August, 1986, while conducting an investigation, petitioner experienced a seizure which caused her, *inter alia* to lose consciousness and injure her shoulder. Petitioner never returned to full duty after the incident and the HAPD recommended that she be retired on ordinary disability retirement due to a diagnosed seizure disorder. Subsequently, in November, 1987, petitioner submitted to the Department an application for accidental disability retirement, based upon her seizure disorder and shoulder injury, which she claimed were the result of two line-of-duty head injuries she received in 1983, neither of which resulted in unconsciousness, blurred vision or dizziness. This application was referred to the Department Medical Board. The Board evaluated petitioner's hospital and medical records, and the opinions of three neurologists who examined petitioner. Two of these physicians determined that petitioner's 1983 injuries were unrelated to her recently diagnosed seizure disorder, and the third, petitioner's own neurologist, concluded that petitioner's seizure disorder was causally related to the 1983 injuries. The Medical Board noted that petitioner returned to full duty after sustaining the 1983 head injuries. The Board also noted that petitioner sustained a head injury at age 16 and lost consciousness for 2 hours.

The Medical Board determined that petitioner's seizure disorder was unrelated to the head injuries she sustained in 1983 and it recommended approval of petitioner for ordinary

disability due to a seizure disorder and torn rotator cuff in the shoulder, but denial of her application for accidental disability retirement. Thereafter, upon petitioner's request, it reviewed and reevaluated the matter 3 additional times but arrived at the same conclusion. Subsequently, at their September 15, 1989 meeting, the Trustees accepted the Medical Board's recommendation.

In order to be entitled to accidental disability retirement, petitioner has the burden of proving that her disability was causally related to the 1983 accidents. *(Matter of Drayson v Board of Trustees,* 37 AD2d 378, 380, *affd* 32 NY2d 852.) Furthermore, the Trustees are entitled to rely on the Medical Board's recommendations as to causation even in the face of conflicting evidence. *(Matter of Tobin v Steisel,* 64 NY2d 254, 259.)

The record reveals ample credible evidence to support the determination of the Board of Trustees. Moreover, despite petitioner's objection, the Medical Board was entitled to consider the period between her 1983 head injuries and her recent disability, during which petitioner worked full duty, in making a recommendation that no causal connection existed between the two incidents. *(Matter of Schmidt v McGuire,* 119 AD2d 532, *lv denied* 68 NY2d 605.) Since we find " 'the Board's decision had a rational basis, was based on substantial evidence, and was not arbitrary, we [further] find no justification to disturb the Board's determination' ". *(Matter of Paul v Board of Trustees,* 135 AD2d 411, 412.) Concur—Carro, J. P., Milonas, Rosenberger, Ellerin and Smith, JJ.