■ In the Matter of Frances Yalon, Appellant, v New York City Employees' Retirement System et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Franklin R. Weissberg, J.), entered July 12, 1990, which denied the petition and dismissed the CPLR article 78 proceeding seeking to annul and vacate respondent New York City Employees' Retirement System's determination denying petitioner accidental disability benefits, unanimously affirmed, without costs.

On October 1, 1984, the petitioner was appointed to the title of Office Aide III in the New York City Department of Social Services. In June, 1985, petitioner slipped and fell on something slippery on the stairs, and injured her shoulder, head and neck. She was granted sick leave for approximately one

month and thereafter returned to restricted duty. Petitioner, complaining of, *inter alia,* headache, dizziness, and confusion, was treated by various physicians, all of whom noted her long history of diabetes, hypothyroidism, migraine, hypertension, and vertigo. Petitioner's personal physician concluded, however, that the petitioner had developed "severe medical problems" after the accident possibly "as a result of the stress induced by the post concussion syndrome", and was not disabled as a result of her pre-existing coronary artery disease. Another treating physician indicated the possibility that anxiety from the 1985 injury could have caused petitioner to develop a heart condition and high blood pressure. A third physician, who examined petitioner at the request of the City of New York Law Department, Workers' Compensation Division, concluded that there was "with reasonable medical certainty no single relationship between the symptoms and the [1985] injury".

On March 10, 1987, petitioner submitted to the Department an application for accidental disability retirement, based upon her accident of June, 1985. This application was referred to the Medical Board. The Board examined petitioner, evaluated her medical records, the opinions of her treating physicians, and recommended denial of accidental disability. Subsequently, on August 11, 1989, after the Medical Board again considered petitioner's request, the Trustees accepted the Medical Board's recommendation.

The record reveals ample evidence to support the determination of the Trustees, who are entitled to rely on the Medical Board's recommendations as to causation even in the face of conflicting evidence *(Matter of Tobin v Steisel,* 64 NY2d 254, 258-259). We agree with the IAS court that the substantial medical disagreement as to the connection between petitioner's fall and her disability was resolved after a careful evaluation of all of the evidence. Since we find " 'the Board's decision had a rational basis, was based on substantial evidence, and was not arbitrary, we * * * find no justification to disturb the Board's determination' " *(Matter of Paul v Board of Trustees of Police Pension Fund,* 135 AD2d 411, 412). Concur—Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.