■ In the Matter of PEDRO SALTARES, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered March 27, 1991, which denied the CPLR article 78 petition of petitioner seeking an annulment of the denial by respondent, Board of Trustees of the New York City Employees' Retirement System, of petitioner's application for disability retirement, and order of the same court, entered August 22, 1991, which denied petitioner's motion for renewal and reargument, unanimously affirmed, without costs.

Petitioner asserts that even though his applications were not filed in a timely manner, the doctrine of estoppel should be applied against respondents. However, even if respondents gave petitioner an additional year to file his application, as petitioner claims, he failed to file his application within that year. In fact, petitioner did not file his application until 3 years later. Accordingly, there is no estoppel under these circumstances. Moreover, petitioner has failed to overcome the general rule that a governmental agency may not be estopped from enforcing a statutorily mandated duty *(see, Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359).

As to the Medical Board's determination that petitioner was not disabled, we note that there is sufficient evidence in the record to support the Board's findings *(see, Matter of Drayson v Board of Trustees,* 37 AD2d 378, *affd* 32 NY2d 852). Similarly, the Board of Trustees' determination that petitioner's back problem was not a result of an "accident" was reasonable under the circumstances *(see, Matter of Shannon v Board of Trustees,* 92 AD2d 528, 529, *affd* 59 NY2d 852).

We have considered all other issues raised and find them to be meritless. Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Smith, JJ.