■ In the Matter of BRUCE A. BARBER, Respondent, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Appellants. [599 NYS2d 266] —Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered January 31, 1992, which, upon reargument, modified a prior order of the same court and Justice, entered December 16, 1991, which had directed the respondents to submit petitioner's accident disability pension application to an "orthopedic panel" by instead requiring respondents to submit the application to a panel of the Medical Board having an orthopedist as one of its members, unanimously reversed, without costs, on the law, and the petition dismissed.

Appeal from the order of the same court and Justice, entered December 16, 1991, unanimously dismissed as moot, without costs.

We find that the court erred in requiring submission of petitioner's application for an accident disability pension to a panel of the Medical Board which includes an orthopedist. While such would appear to be a desirable practice, there is no requirement that the Medical Board provided for in Administrative Code of the City of New York § 13-223 arrange for each case which comes before it to be reviewed by a panel which includes a physician who is a specialist in treating the type of condition involved (see, Matter of Christian v New York City Employees' Retirement Sys., 83 AD2d 507, 509, affd 56 NY2d 841).

Petitioner has already been afforded a full opportunity to present his case to the Medical Board, and, within the limited scope of our review, we cannot find that respondents' decision to reject petitioner's application, based on the Medical Board's finding that petitioner suffers from inflammatory arthritis not causally related to his line of duty injury was arbitrary or capricious. The Medical Board's conclusion that petitioner had not sustained his burden of establishing the requisite causal connection is based on evidence that petitioner failed to take sick leave after the allegedly precipitating injury and on the lack of evidence that the injury interfered with the performance of petitioner's duties for several months following its occurrence. Under such circumstances, the petition must be

dismissed. Concur—Sullivan, J. P., Ellerin, Wallach, Rubin and Nardelli, JJ.