(May 28, 1996)

■ In the Matter of ANITA WILLIAMS, Appellant, v BENJAMIN WARD et al., Respondents. [642 NYS2d 890] —Judgment (denominated an order), Supreme Court, New York County (William McCooe, J.), entered February 6, 1995, which denied petitioner's application pursuant to CPLR article 78 to annul respondents' determination denying petitioner's application for an accident disability pension, unanimously affirmed, without costs.

Since the subject denial of petitioner's claim for accident disability benefits was the result of a 6 to 6 tie vote by respondent Board of Trustees, the decision can be set aside on judicial review only if it can be determined "as a matter of law on the record" that petitioner's disabling psychological condition was the natural and proximate result of the service-related accident of December 1981 (*Matter of Canfora v Board of Trustees*, 60 NY2d 347, 352). Such a determination cannot be made here if only because of the conflicting medical opinion presented to the Board on the issue of causation (*see, Matter of Polak v Board of Trustees*, 188 AD2d 341, *lv denied* 81 NY2d 706; *Matter of Appleby v Herkommer*, 165 AD2d 727, 728). We would also note that petitioner did not claim a psychological injury until in or about January 1984, after the Board's September 1983 rejection of her first application for accident disability based only on the physical injuries she sustained in the accident, and that this delay, together with the absence of proof showing when the disabling symptoms first became manifest, tends to support the Medical Board's finding as to causation. Concur—Murphy, P. J., Sullivan, Wallach, Nardelli and Tom, JJ.