■ In the Matter of ROBERT JORDAN, Appellant, v WILLIAM BRATTON, as Police Commissioner of the City of New York and as Chair of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [648 NYS2d 77] —Judgment, Supreme Court, New York County (Louis York, J.), entered on or about July 28, 1995, which denied petitioner's application pursuant to CPLR article 78 to annul respondents' determination denying petitioner's application for accident disability retirement benefits, unanimously affirmed, without costs.

The denial of accident disability benefits being a consequence of a tie vote, petitioner must show that his 1990 disabling condition was a proximate result of his service related accidents, the last of which occurred in 1982 (see, Matter of Canfora v Board of Trustees, 60 NY2d 347). Such cannot be said here if only because of the Medical Board's finding of no causation (see, Matter of Williams v Ward, 227 AD2d 307), which was rationally based on evidence before it, including petitioner's lack of need for medical attention between 1982 and 1990, the negative results of x-rays taken after the accidents and the lack of "tingling" in the neck or cervical spine (see, Matter of Bevers v New York City Empoyees' Retirement Sys., 179 AD2d 489, lv denied 79 NY2d 758). Concur—Murphy, P. J., Sullivan, Rubin, Ross and Nardelli, JJ.