■ In the Matter of BARBARA MEEHAN, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York, and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [856 NYS2d 96]—

Judgment, Supreme Court, New York County (Paul G. Feinman, J.), entered November 6, 2006, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 seeking to annul respondents' denial of accident disability retirement (ADR), unanimously affirmed, without costs.

The determinations that petitioner's line-of-duty injuries were not the natural and proximate cause of her disabling reflex sympathetic dystrophy (RSD) in her left hand, were based on "some credible evidence," and were neither arbitrary nor capri-

cious (*Matter of Drayson v Board of Trustees of Police Pension Fund of City of N.Y.*, 37 AD2d 378, 380 [1971], *affd* 32 NY2d 852 [1973]; *see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 761 [1996]). In her first application for ADR, petitioner submitted evidence of several line-of-duty injuries to her neck and spine. However, the last injury occurred in April 1998, and there were no symptoms of RSD for approximately four years. In her second application, petitioner included evidence of a wrist injury from April 1999, three years prior to the onset of RSD symptoms.

The Medical Board's findings were supported by the credible evidence of the time between petitioner's last line-of-duty injury and the onset of her RSD, in addition to the fact that there was no evidence or medical literature submitted supporting a conclusion that RSD could remain dormant for such a period of time. Furthermore, the Medical Board was not required to employ an expert in a field relating to RSD, nor were they required to accept the opinion of petitioner's examining physician (*see Matter of Barber v Ward*, 194 AD2d 459 [1993]). Accordingly, the Medical Board properly concluded that petitioner failed to carry her burden of showing a causal connection between her line-of-duty injuries and her RSD (*see Matter of Carney v New York City Employees' Retirement Sys.*, 162 AD2d 382 [1990], *lv denied* 76 NY2d 712 [1990]), and the Board of Trustees was entitled to rely on the Medical Board's recommendations (*see Matter of Drayson*, 37 AD2d at 381). Concur—Tom, J.P., Mazzarelli, Williams and Sweeny, JJ.