In the Matter of the Application of WILLIAM P. SULLIVAN, Respondent, Pursuant to Article 78 of the Civil Practice Act, against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, for an Order Directing Said Board of Education to Reinstate Petitioner as a Teacher in the High Schools of the City of New York, Appellant.

Second Department, May 25, 1942.

*Nicholas Bucci* [*William C. Chanler*, Corporation Counsel, *Paxton Blair* and *Arthur H. Kahn* with him on the brief], for the appellant.

*Austin B. Mandel*, for the respondent.

PER CURIAM. The by-law of the board of education permitting a reconsideration of a vote cast at a prior meeting, to be had at the next succeeding meeting, on motion of any member who voted with the majority, is not inconsistent with or contrary to subdivision 3-c of section 872 of the Education Law. It is there provided that a decision of the board of education shall be final except as it may be reviewed under specified provisions. The portion of the statute which is concerned with the finality of such a decision concerns attempts at review by a body or tribunal other than the board itself. The board is an administrative body and is performing an administrative act when it imposes discipline upon an employee. (*Sharkey* v. *Thurston*, 268 N. Y. 123, 128; *People ex rel. Doherty* v. *Commissioners*, 84 Hun, 64, 81; affd., 148 N. Y.

757.) It is not a judicial or quasi-judicial body. It is expressly authorized by subdivision 9 of section 868 of the Education Law to adopt a by-law of the character mentioned in connection with regulating the performance of administrative duties imposed upon it, *inter alia,* " control, maintenance and discipline of the schools." When it acts directly or through a committee to ascertain facts upon which it may found discipline, it may utilize the procedure or technique characteristic of judicial or quasi-judicial tribunals or bodies, but its final act in respect of discipline is an administrative act. Therefore, it is an administrative body and not a quasi-judicial body. Here it did not have recourse to quasi-judicial procedure to ascertain the facts because the petitioner pleaded guilty, and the only question in respect of action was the administrative act as to the quantum of punishment or discipline. The discipline it imposed on September 24, 1941, because of the language of the by-law referred to above, was tentative or provisional; that decision could not become final until the next meeting of the board had been held without further action, and at that next meeting reconsideration was permissible and, in this case, was had. Consequently the board had the power (which is the only question here involved) to correct what it deemed to be an error and to impose a new punishment on December 10, 1941, since the board that acted on this occasion was the same as the one that acted on the prior occasion. (*Matter of Equitable Trust Co.* v. *Hamilton,* 226 N. Y. 241, 244; *People* v. *Stocking,* 50 Barb. 573, 583.) The same doctrine would obtain if the latter disposition were a lesser punishment, the converse of the action here.

Nothing vested in the respondent in the period between the two meetings on September 24, 1941, and October 8, 1941, which he did not possess prior to his being placed on charges on March 7, 1941. Hence the matter was *in fieri.*

The order should be reversed on the law, with ten dollars costs and disbursements, the motion denied, and the proceeding dismissed, without costs.

LAZANSKY, P. J., CARSWELL, JOHNSTON, TAYLOR and CLOSE, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, motion denied, and the proceeding dismissed, without costs.