OPINION OF THE COURT
 

 Gabrielli, J.
 

 In this case we are called upon to determine whether the doctrine of
 
 res judicata
 
 prevents a school board from reconsidering its prior determination not to dismiss a probationary employee. We hold that it does not.
 

 
 *523
 
 The essential facts are undisputed. Petitioner was employed on a probationary basis as a licensed school secretary. She was assigned to two schools within respondent school district, working two days a week in one and three days a week in the other. In March, 1973, after working in the two schools for several months, petitioner received unsatisfactory ratings from the principals of the two schools. Both recommended that she be dismissed. Following a meeting with petitioner, the superintendent of the school district adopted the principals’ recommendation that petitioner be dismissed. Petitioner was then provided with a hearing pursuant to section 105-a of the by-laws of the board of education. On October 30, 1973, the hearing panel recommended petitioner’s discontinuance.
 

 The district superintendent then forwarded to the school board the recommendation that petitioner be dismissed. A resolution to that effect was introduced at a school board meeting on January 17, 1974, but did not obtain the majority vote required by section 2573 of the Education Law for dismissal of a probationary employee. The resolution was reintroduced at the February 21, 1974 meeting of the board, and at that time it was adopted by a majority of the board. Petitioner subsequently commenced this article 78 proceeding seeking reinstatement. Special Term granted her petition, finding that the January 17 decision of the board was
 
 res judicata
 
 and barred subsequent reconsideration of the resolution to terminate petitioner. The Appellate Division reversed, holding that the doctrine of
 
 res judicata
 
 was not applicable, and today we affirm the order of the Appellate Division.
 

 Res judicata
 
 is a doctrine associated with dispute-resolution rather than administrative determinations in general. Its application to administrative proceedings is remarkably elusive, for it has in large part been developed not in decisions applying
 
 res judicata
 
 to administrative adjudications, but rather by courts which, for one reason or another, found the doctrine inapplicable to the cases before them (see, e.g.,
 
 Matter of Evans v Monaghan,
 
 306 NY 312, 323-324;
 
 Matter of Sullivan v Board of Educ.,
 
 264 App Div 207, affd without opn 289 NY 672;
 
 Matter of Siegel v Mangan,
 
 258 App Div 448, affd without opn 283 NY 557; see, also,-
 
 Matter of Irish Int. Airlines [Levine],
 
 48 AD2d 202, affd 41 NY2d 819; but see
 
 People ex rel. Finnegan v McBride,
 
 226 NY 252, 258-259;
 
 Matter of Cupo v McGoldrick,
 
 278 App Div 108). The rationale underlying the New York cases was perhaps best expressed by
 
 *524
 
 Judge Van Voorhis in
 
 Matter of Evans v Monaghan
 
 (306 NY, at pp 323-324,
 
 supra):
 
 "Security of person and property requires that determinations in the field of administrative law should be given as much finality as is reasonably possible. The cases cited indicate that the rule of
 
 res judicata
 
 is applicable to such determinations as well as to the courts wherever consistent with the purposes of the tribunal, board or officer. (Cf. Res Judicata in Administrative Law, 49 Yale L. J. 1250.) Such departures from the rule as there may be in administrative law appear to spring from the peculiar necessities of the particular case or the nature of the precise power being exercised, rather than from any general distinction between courts and administrative tribunals.” A similar view has been expressed by Kenneth Culp Davis, an authority in the field of administrative law: "The common-law doctrine of res judicata, including the subsidiary doctrine of collateral estoppel, is designed to prevent the relitigation by the same parties of the same claims or issues. The reasons behind the doctrine as developed in the court system are fully applicable to some administrative proceedings, partially applicable to some, and not at all applicable to others. As a matter of principle, therefore, the doctrine should be applied to some administrative proceedings, modified for some, and rejected for others.” (Davis, Administrative Law Text [3d ed], § 18.10, p 371.)
 

 Before applying the doctrine of
 
 res judicata
 
 to an administrative determination, it is necessary to determine whether to do so would be consistent with the function of the administrative agency involved, "the peculiar necessities of the particular case”, and "the nature of the precise power being exercised”
 
 (Matter of Evans v Monaghan,
 
 306 NY, at p 324,
 
 supra).
 
 There is language in some of the older cases which might be interpreted as indicating that
 
 res judicata
 
 normally will apply to administrative decisions (see
 
 id.).
 
 We need not decide whether such a generalization would be valid today, in light of the vast proliferation in both number and type of administrative agency hearings in recent years. Rather, we hold that in each case, the doctrine of
 
 res judicata
 
 is to be applied to an agency determination only if such application is consistent with the nature of the particular administrative adjudication.
 

 Turning to the case now before us, it is evident that to apply
 
 res judicata
 
 so as to bar a school board from reconsidering its prior decision not to terminate a probationary employee would be consistent with neither the nature of the
 
 *525
 
 power exercised by the school board in making such determinations, the purpose of the probationary system, nor the realities of the situation. It must be emphasized that a school board in making such a decision does not act in a quasi-judicial capacity; indeed, in the present case, the board was not even engaged in fact finding. There was no hearing before the board, nor was there any adversary proceeding. In fact, there was no adjudication. The board simply exercised its broad executive powers to dismiss a probationary employee (see Education Law, § 2573).
 

 As Professor Davis has noted (Administrative Law Text, § 18.08, at p 368): "In name and tradition 'res judicata’ means thing adjudicated. Only what is adjudicated can be res judicata. Administrative action other than adjudication cannot be res judicata. Even if an exercise of the rulemaking power depends on a finding of facts, neither the rule nor the finding is regarded as res judicata. Executive acts have never been regarded as res judicata.” Similarly, if the power exercised by a school district with respect to dismissing probationary employees is executive in nature, the result is not to be changed simply because the board of education has provided a preliminary fact-finding hearing process to prevent purely arbitrary dismissals.
 

 Section 2573 of the Education Law grants a school board the authority to dismiss a probationary employee at any time. Such an employee has no property rights in his position, and may be dismissed for almost any reason, or for no reason at all
 
 (James v Board of Educ.,
 
 37 NY2d 891, 892;
 
 Matter of Bergstein v Board of Educ.,
 
 34 NY2d 318). Since a dismissal need not be for cause, it would be illogical to hold that a decision not to terminate could bar a subsequent reconsideration of that first decision. The factors involved in such decisions are many and varied, and include not only the behavior and performance of the probationary employee, but also the changing needs and requirements of the school district as perceived by the school board. In making such determinations, a school board should not be limited by a doctrine developed within an adversarial system of justice and designed to prevent relitigation of disputes.
 

 The petitioner also raises several other objections to her dismissal, all of which are entirely without merit. Primarily, petitioner contends that certain alleged defects in the hearing voluntarily provided her by the board of education constituted
 
 *526
 
 a denial of due process. We disagree. It is clear from the record that petitioner had notice of her unsatisfactory ratings, abundant time in which to prepare a defense, and an extremely fair hearing. She has had all she is entitled to, and more.
 
 *
 

 Finally, we would note that in reaching our decision, we found it unnecessary to consider the minutes of the school board meetings. Therefore, we do not rule on respondents’ belated attempt to include the minutes in the record on appeal.
 

 Accordingly, the order appealed from should be affirmed, with costs.
 

 Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed, with costs.
 

 *
 

 As a probationary employee, petitioner has no constitutional right to a hearing unless the grounds for her dismissal are such that she will be stigmatized thereby
 
 (Board of Regents v Roth,
 
 408 US 564;
 
 Tuller v Central School Dist.,
 
 40 NY2d 487, 496; see, also,
 
 Codd v Velger,
 
 429 US 624). Under the facts of this case, petitioner had no constitutional right to a hearing. Of course, once the board of education provided a hearing procedure for probationary employees, it was bound to comply with its own by-laws. In the present case, there has been no violation of those by-laws.