In the Matter of ROBERT S. PIRIE.

First Department, September 7, 1978

**APPEARANCES OF COUNSEL**

*Samuel A. Hirshowitz* of counsel *(Daniel M. Cohen* with him on the brief; *Louis J. Lefkowitz, Attorney-General),* appearing pursuant to section 71 of the Executive Law and CPLR 1012-b.

*Committee on Character and Fitness pro se.*

*Martin Lipton* of counsel *(Steven M. Barna* with him on the brief; *Wachtell, Lipton, Rosen & Katz,* attorneys), for petitioner.

## OPINION OF THE COURT

*Per Curiam.*

This is an application for an order admitting petitioner to practice in this State pursuant to section 90 (subd 1, par b) of the Judiciary Law and section 520.8 of the Rules of the Court of Appeals for Admission of Attorneys and Counselors at Law (22 NYCRR 520.8). By a divided vote, the Committee on Character and Fitness refused to recommend petitioner's admission because of its view that he was not an "actual resident."*

Petitioner is a member of the Bars of the Commonwealth of Massachusetts, the United States District Court for the District of Massachusetts, and the United States Court of Appeals for the First Circuit. He has been a partner in a prestigious New York City law firm since 1973. Although he is listed on the firm's letterhead as the "Boston Resident Partner", petitioner apparently spends almost all of his working time in the firm's New York City office. The firm has an extensive practice relating to Federal securities laws.

Petitioner's wife and children reside in Massachusetts. Because of a severe asthmatic condition, petitioner's wife has been advised not to move to the New York City metropolitan area. Petitioner resides in Massachusetts on weekends, but during the week he lives in New York. For a time he leased an apartment, but now he rents a room in a hotel. Petitioner contends that since his time in New York is spent working, the service provided by the hotel in such matters as laundry makes the hotel accommodation preferable to the apartment. Occasionally, when the rooms are booked at the hotel, he stays at a friend's apartment. Petitioner votes in Massachusetts, and pays New York State and New York City nonresident income taxes.

Petitioner contends that he is a resident of New York under the "base of operations" test established in *Matter of Tang* (39 AD2d 357). There, this court stated that a resident would be "someone so identified in his base of operations that he is

---

* CPLR 9406 provides: "No person shall receive said certificate from any committee and no person shall be admitted to practice as an attorney and counselor at law in the courts of this state, unless he shall furnish satisfactory proof to the effect: * * * 2. that he has been an actual resident of the state of New York for six months immediately preceding the submission of his application for admission to practice and that such residence has continued until the final disposition of the application for admission to practice".

amenable to the supervision of the courts and able to render service to his clients." (P 360.) Tang was a New Jersey resident who rented a room in a hotel in New York City solely for the purpose of establishing residence for admission to the Bar after taking the Bar examination. We rejected Tang's claim of a New York residency, finding that he intended to resume full time residency in New Jersey after his admission, and that he had no office for the practice of law in New York nor did he intend to establish one or practice here. Thus, we concluded that he would have no New York base of operations to be amenable to the supervision of our courts.

Petitioner's situation is different. Where Tang's six months' residence was concocted solely for admission purposes, petitioner's presence in New York as a member of a reputable firm in New York City is no mere transiency. Petitioner has spent 135 to 186 days each year for the past four consecutive years working in New York. He has demonstrated a sincere intent to continue to practice with that firm in New York.

Although it is clear that petitioner is not a domiciliary of New York, CPLR 9406 (subd 2) does not require a New York domicile. It is sufficient that he be an "actual resident". Petitioner's professional life is for the most part spent in New York and over the past four years he has established an actual residency here. The essence of residency is the personal contacts of the resident in the forum, not the nature of the dwelling place. (See *Rawstorne v Maguire,* 265 NY 204, 208; *Matter of Newcombe,* 192 NY 238, 250.)

Moreover, the committee has found that petitioner possesses the requisite qualifications of character and fitness for admission. It is clear that petitioner is not seeking to circumvent the residency requirements for admission to the Bar by establishing a sham or temporary presence here.

In the circumstances presented, we believe that petitioner has demonstrated a residency in New York and that he will be amenable to the supervision of our courts. Accordingly, the application should be granted and the Committee on Character and Fitness should certify petitioner as qualified for admission to the Bar.

KUPFERMAN, J. P., LUPIANO, LANE, SANDLER and SULLIVAN, JJ., concur.

Motion granted and the Committee on Character and Fit-

ness is directed to certify petitioner as qualified for admission to the Bar of the State of New York.