■ ASHCRAFT EXCAVATING CO., INC., Respondent, v MARGARET A. CLARK et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered November 7, 1979 in Tioga County, which granted a motion by plaintiff to dismiss all counterclaims and denied a cross motion by defendants to dismiss the complaint. In 1976, plaintiff submitted subdivision plans to the Town Planning Board of the Town of Owego for its approval. The board held various meetings and thereafter granting final approval of the plans. Defendant Margaret Clark, individually and on behalf of a group of neighboring landowners, then instituted a proceeding pursuant to CPLR article 78 seeking to nullify the board's approval of the plans on the ground that the action of the board was arbitrary and capricious. Special Term dismissed the petition stating that the minutes of the board exhibited careful consideration of the effect of the proposed subdivision on existing drainage problems in the area and the opinions of professional engineers that construction of the subdivision according to the submitted plans would not exacerbate those problems. The judgment of Special Term was affirmed by this court in July of 1978 *(Matter of Clark v Town of Owego Planning Bd.,* 64 AD2d 777). A subsequent motion to vacate the dismissal of the article 78 proceeding pursuant to CPLR 5015 upon the grounds of newly discovered evidence and misrepresentation was denied in March of 1979. On May 8, 1979, plaintiff commenced the present action seeking to recover damages for malicious prosecution and abuse of process. In their answer, defendants asserted three counterclaims, the first two alleging deprivation of constitutional rights and the third alleging that plaintiff negligently and wrongfully failed to provide an adequate drainage system in developing the proposed subdivision. Special Term granted a motion by plaintiff to dismiss all three counter-

claims and denied a cross motion by defendants to dismiss the complaint. This appeal ensued. Initially, we will consider the sufficiency of the complaint. Plaintiff's first cause of action alleges abuse of process. One of the three essential elements of the tort of abuse of process, however, is that there be regularly issued process, civil or criminal, compelling the performance or forbearance of some prescribed act *(Board of Educ. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO,* 38 NY2d 397, 403). Defendants' initiation of the proceedings described in the present case clearly does not satisfy this basic requirement (see *Williams v Williams,* 23 NY2d 592; *Krellman v Livingston,* 64 AD2d 621, app dsmd 45 NY2d 960). Consequently, defendants' cross motion to dismiss the part of the complaint alleging abuse of process should have been granted. We are also of the view that the complaint does not set forth a viable cause of action for malicious prosecution. Plaintiff failed to allege interference with its person or property or the use of some incidental remedy such as attachment, arrest or injunction sufficient to support an action for malicious prosecution and, therefore, this cause of action is fatally defective (see *Belsky v Lowenthal,* 62 AD2d 319, affd 47 NY2d 820). The case of *Groat v Town Bd. of Town of Glenville* (73 AD2d 426) is distinguishable in that therein this court was concerned with what was considered a judicial proceeding and the plaintiff had been suspended without pay and dismissed from the police force as a direct result of the administrative proceeding. There are no allegations of similar interference in the present case. Accordingly, plaintiff's complaint should have been dismissed. Defendants' first two counterclaims consist of conclusory statements unsupported by factual allegations and, therefore, were properly dismissed (see *Pekar v Town of Veteran,* 65 AD2d 651; *Taylor v State of New York,* 36 AD2d 878). In the third counterclaim, defendants allege that due to plaintiff's negligence in failing to provide for an adequate drainage system they were subjected to imminent danger to lives and property because of the flooding that would result. The issue of the adequacy of the drainage system to be provided in the subdivision by plaintiff was considered by the town planning board prior to granting its approval of the subdivision plans. Defendants were given a full and fair opportunity to contest the board's decision in their proceeding pursuant to CPLR article 78. The principles of collateral estoppel and *res judicata* are applicable to determinations of administrative agencies *(Matter of Evans v Monaghan,* 306 NY 312; *Bernstein v Birch Wathen School,* 71 AD2d 129; *Matter of Pannone v New York State Educ. Dept.,* 54 AD2d 1014) and, in our opinion, application of these principles necessitates dismissal of defendants' third counterclaim. In order to invoke the doctrine of collateral estoppel there must be proof that the issue in the prior action is identical, and thus decisive, of that in issue in the current action and there must· have been a full and fair opportunity to contest the decision said to be dispositive of the present controversy *(Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481). We conclude that these two requirements have been met in the present case and, consequently, the third counterclaim was properly dismissed. Order modified, on the law, by reversing so much thereof as denied defendants' cross motion to dismiss the complaint; cross motion granted, and complaint dismissed, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Mikoll, JJ., concur.