OPINION OF THE COURT
Gerard M. Weisberg, J.
The principal question presented is whether the State has waived its sovereign immunity with regard to a claim alleging that the State Division of Human Rights (Division) and the Human Rights Appeal Board (Appeal Board) violated claimant’s constitutional rights during a proceeding to redress violations of section 296 of the Executive Law.
After an evidentiary hearing, the Division rendered a decision dismissing the complaint. That determination was affirmed by the Appeal Board and subsequently confirmed by the Appellate Division, First Department (Rabinovici v State Human Rights Appeal Bd., 78 AD2d 597, mot for lv to app den 52 NY2d 704). Within 90 days of the Appeal Board’s decision, Mr. Rabinovici served and filed a notice of intention, and filed a claim within two years thereafter. (Court of Claims Act, § 10, subd 3.)
The gravamen of the claim is that the Division failed to afford claimant procedural due process by unfairly limiting his right to cross-examine witnesses and refusing to order *665 disclosure of relevant documents in the possession of claimant’s former employer, the Hertz Corporation. The State has moved to dismiss the claim on the grounds, inter alia, that it is immune from suit for such acts.
The rule is well settled that “no public officer is responsible in a civil suit for a judicial determination, however erroneous or wrong it may be, or however malicious even the motive which produced it.” (East Riv. Gas-Light Co. v Donnelly, 93 NY 557, 559.) As the court indicated in Rottkamp v Young (21 AD2d 373, 375) there is a distinction between ministerial or nondiscretionary acts which may give rise to liability, and judicial or discretionary acts for which the public officer is immune from suit. (See 2 Harper and James, Torts, §29.10, pp 1638-1646.) Thus, the State is not liable under its general waiver of immunity for the misconduct of a judicial officer on the theory of respondeat superior. (Instalment Dept. v State of New York, 21 AD2d 211; see, also, Rossman v State of New York, 40 AD2d 1046; Gross v State of New York, 33 AD2d 868; Granger v State of New York, 14 AD2d 645; Murph v State of New York, 98 Misc 2d 324.)
The present case alleges tortious conduct by an administrative agency. As Judge Conway stated in Matter of Hecht v Monaghan (307 NY 461, 469): “When dealing with the public, the functions of an administrative agency fall into two broad categories, legislative and judicial. The Supreme Court of the United States drew the line of demarcation between those distinct functions in Prentis v. Atlantic Coast Line (211 U. S. 210, 226) where it said: ‘A judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist.’ ”
Subdivision 7 of section 295 of the Executive Law provides that the Division may hold hearings, provide for cross interrogatories, subpoenq witnesses, compel their attendance, administer oaths, take testimony and require the production for examination of books or papers. It is in the performance of these functions that the Division is alleged to have violated claimant’s constitutional rights. These are manifestly judicial or quasi-judicial functions for which the State is immune. (Pettorino v Incorporated Vil. of *666 Val. Stream, 63 AD2d 967; see, also, Ward Telecommunications & Computer Servs. v State of New York, 42 NY2d 289, 290; Cunningham v State of New York, 71 AD2d 181, mot for rearg den 78 AD2d 717.)
We note further that by virtue of section 298 of the Executive Law, the Appellate Divisions of the various departments are given exclusive jurisdiction to review determinations of the Appeal Board. Having exercised his right to obtain such review — in this case unsuccessfully —‘ Claimant may not launch a collateral attack upon the proceedings of the Division or the Appeal Board through an action in the Court of Claims. (See Matter of Evans v Monaghan, 306 NY 312; Ashcraft Excavating Co. v Clark, 79 AD2d 722; cf. Matter of Newsday, Inc. v Ross, 80 AD2d 1.)
Accordingly, the State’s motion to dismiss is granted.