■ PATSY BELLO NURSERIES, INC., Appellant, v CITY OF NEW YORK, Respondent. — In an action to recover unpaid balances allegedly owed on two contracts, plaintiff appeals from so much of an order of the Supreme Court, Kings County (Aronin, J.), dated May 21, 1982, as, upon defendant's motion for leave to serve an amended answer and for summary judgment dismissing the amended complaint on the ground, *inter alia,* of *res judicata,* stayed the action pending determination of an article 78 proceeding between the same parties (*Matter of Bello Nurseries v Davis*). Order affirmed insofar as appealed from, with costs. In a related appeal decided herewith (*Matter of Bello Nurseries v Davis*), we have affirmed Special Term's dismissal of plaintiff's article 78 proceeding to review a determination by the commissioner of the department of parks and recreation finding plaintiff in default on two contracts to plant trees in Brooklyn and in Queens. In the case at bar, plaintiff seeks amounts allegedly owed to it under the contracts. Plaintiff expressly alleges in its complaint that it "duly performed" each contract. This assertion is in direct contradiction to the commissioner's determination that plaintiff defaulted on the same contracts. Moreover, plaintiff was afforded and availed itself of a full and fair opportunity to litigate the default issue at an extensive hearing before an administrative law judge. Hence, the doctrine of *res judicata* is applicable to the instant claim (see *Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485; *Matter of Venes v Community School Bd. of Dist. 26,* 43 NY2d 520). Damiani, J. P., Mangano, Gibbons and Niehoff, JJ., concur.

■ WILLIAM R. ROEDER, Appellant, v EVELYN AQUINO, Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Pantano, J.), dated October 20, 1981, which denied his motion to set aside the jury's verdict against him, and (2) a judgment of the Supreme Court, Nassau County (Pantano, J.), dated February 22, 1982, which dismissed the complaint. Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment reversed, on the facts, and new trial granted, with costs to abide the event. The jury verdict was against the weight of the evidence. Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.