Jerome A. Mirabito, Esq. City Attorney, Fulton
You informed us that a property owner in your city made application for a zoning change, which was fully processed in accordance with the procedure established by the city charter and was denied. The same person, without change in circumstances, desires to make a second application for the same zoning change. You ask whether the city must entertain the second application. There is no provision in the charter permitting the filing of a second application.
Security of persons and property require that determinations by administrative agencies should be given as much finality as is reasonably possible (see, Matter of Evans v Monaghan, 306 N.Y. 312, 323-324 [1954], cited in Venes v Community School Board, 43 N.Y.2d 520 [1978]). The rule of res judicata is applicable to administrative determinations as well as to the courts whenever consistent with the purposes of the tribunal, board of officer (ibid.). The common law doctrine of res judicata is designed to prevent the relitigation by the same parties of the same claims or issues (Venes v Community School Board, supra). Departures from the rule in the administrative law field appear to arise from the peculiar necessities of a particular case or the nature of the precise power being exercised, rather than from any general distinction between courts and administrative tribunals (Matter of Evans v Monaghan, supra).
In our opinion, the city department with jurisdiction over requests for zoning changes need not entertain the same application a second time. The matter has been decided after a public hearing, you indicate that there has occurred no change in circumstances to warrant a new application, and the charter does not authorize a second application. We note that the property owner may appeal an administrative decision to the courts in accordance with Article 78 of the Civil Practice Law and Rules.