Dennis Brugman et al., Appellants, v City of New York et al., Respondents.

First Department, June 28, 1984

APPEARANCES OF COUNSEL

*Herbert Stutman* of counsel (*Barton & Zasky,* attorneys), for appellants.

*Lester E. Fetell* of counsel (*Peter I. Hoppenfeld* with him on the brief; *Fetell & Coen, P. C.,* attorneys), for New York City Housing Authority, respondent.

OPINION OF THE COURT

Fein, J.

Plaintiff Dennis Brugman, a sanitation man for the City of New York, sues to recover damages for injuries allegedly sustained on August 30, 1979. He claims that in the course of his employment he tripped and fell over a tree stump or pole which defendant had caused or allowed to exist on a public sidewalk. During the pendency of this action, plaintiff applied for New York City Employees Retirement

System accidental disability retirement status. That application was rejected several times. Initial review by the Medical Board of the Retirement System, based upon a review of the early accident reports submitted by plaintiff to the Sanitation Department, as well as the initial hospital records of Astoria General Hospital, indicated that the injury was sustained as a consequence of heavy lifting. There was no indication in such reports, nor any claim by plaintiff, that he had tripped upon a tree trunk or pole and had twisted his back. The claim, rather, was that the twisting of the back was occasioned by the lifting of heavy sanitation bags.

The Board also reviewed the line-of-duty report and the records of the hospital, which did not disclose a claim of accident or other external event. The Board concluded, upon these records, that plaintiff was performing his usual occupation at the time of the incident, which included heavy lifting.

Plaintiff's attorney requested that the Board of Trustees reject the Medical Board's findings, and submitted additional evidence. The matter was referred to the Medical Board by the Board of Trustees for reconsideration. On July 16, 1981, the Medical Board re-examined the plaintiff and reviewed the evidence on file, including the additional submissions, which included a statement by an alleged eyewitness to the incident, asserting that the accident was occasioned by plaintiff's fall over a tree stump. There were also submitted photographs of the alleged defect, together with copies of transcripts of plaintiff's testimony at the statutory hearings before the Comptroller and the New York City Housing Authority, at which he belatedly asserted the tree stump accident claim.

The Medical Board again concluded that the plaintiff had been injured in lifting a heavy bag and not by tripping over a tree stump. In the face of that finding, plaintiff again sought reconsideration. A third review resulted in reaffirmation of the prior decisions on October 1, 1981. The Board of Trustees approved the Medical Board's report and recommendation on November 26, 1981.

In so doing, the Medical Board and the Board of Trustees determined that there was insufficient evidence to show

that the accident occurred as plaintiff belatedly described, but noted that his early accounts of the injury, given at the emergency room and in the line-of-duty injury report, contradicted his later version of the incident. In the earlier accounts, more closely related in time to the incident, plaintiff repeatedly ascribed his injury to lifting a heavy bag of compacted garbage.

Plaintiff instituted a CPLR article 78 proceeding to annul the determination of the Board of Trustees denying his application for accidental disability retirement benefits.

As stated by Mr. Justice Ascione at Special Term: "While the disabling nature of the injury is not in question the manner of its occurrence is. Initial reports indicate that petitioner injured his back while lifting a heavy bag of compaction. No mention was made initially of a protruding stump, or support pole. Later petitioner furnished an affidavit of a co-employee and photographs to support petitioner's contention that while lifting a heavy bag of garbage he stepped on a pole stump causing him to fall." It is thus clear that the crucial issue before the Medical Board, the Board of Trustees and the Supreme Court in the article 78 proceeding was whether plaintiff's injury was sustained by reason of his fall on a protruding stump or support pole. Justice Ascione confirmed the administrative finding and dismissed the petition. This court affirmed (*Matter of Brugman v Board of Trustees,* 91 AD2d 872). Obviously, the same factual question is common to the administrative proceeding and this action: Did plaintiff fall over a tree stump and thus sustain the injuries of which he complains?

It is well settled that the doctrines of *res judicata* and collateral estoppel generally are applicable to the determinations of administrative agencies rendered pursuant to their adjudicatory functions (*Werner v State of New York,* 53 NY2d 346; *Matter of Evans v Monaghan,* 306 NY 312). In determining whether the doctrine of collateral estoppel applies to such determination, it must be shown that there is an identity of parties and of issues. The party against whom collateral estoppel is sought to be asserted must have been afforded a full and fair opportunity to litigate in

a prior proceeding the issue sought to be litigated in the subsequent proceeding (*Matter of Newsday, Inc. v Ross*, 80 AD2d 1).

Plaintiffs do not deny, and do not seek to challenge, the Retirement System's administrative determinations. However, they suggest that the quality of the prior administrative proceeding is insufficient to estop the plaintiff in his action at law. They assert that it has not been established that the documents and reports upon which the Medical Board made its findings, relied upon by the Trustees, "were cross examined". The need for cross-examination does not appear. The Medical Board relied upon plaintiff's original statements and reports and rejected his belated claim. There is no evidence that plaintiff denied making the original reports. Quite obviously cross-examination of plaintiff on his own behalf would be pointless.

The determination by the Retirement System, where the issue was whether plaintiff was entitled to accidental disability benefits as opposed to ordinary disability benefits, turned on whether the injury suffered resulted from plaintiff's ordinary work or resulted from an external, unexpected and unusual event. This question was reviewed on three occasions at plaintiff's request with an opportunity to submit additional evidence, which he did.

As stated in *Schwartz v Public Administrator of County of Bronx* (24 NY2d 65), the factors instrumental in determining whether a party has had his day in court include the size of the claim, the forum of the prior litigation, the use of initiative, the expense of litigation, the competence and experience of counsel, and the availability of new evidence. Applying these standards, it is notable that plaintiff was represented by counsel who performed extensive legal work on his behalf in asserting his claim before the Medical Board and Board of Trustees, which was substantial since it would affect plaintiff's retirement allowance. Moreover, this action had been commenced 10 months prior to the application to the Retirement System. Accordingly, it may reasonably be inferred that the preparation for proving the case to the Retirement System was diligent and extensive.

The dissent does not challenge the proposition that collateral estoppel is applicable to administrative determinations as well as judicial proceedings. However, it suggests that here there was lacking "that full and fair opportunity to contest the decision" which is a prerequisite to collateral estoppel (*Schwartz v Public Administrator of County of Bronx, supra*). It relies upon language in *Matter of Venes v Community School Bd.* (43 NY2d 520, 525) that there cannot be an estoppel unless the administrative agency that rendered the first determination shall have acted "in a quasi-judicial capacity" rather than in some executive or quasi-legislative capacity. In that case, the issue was whether a school board could reconsider its prior determination not to terminate a probationary licensed school secretary. Plainly, as the court held, the board was not acting in a quasi-judicial capacity nor was it even engaged in fact finding. There was no adjudication. "The board simply exercised its broad executive powers to dismiss a probationary employee" (43 NY2d, at p 525).

The Court of Appeals clearly acknowledged the application of the doctrine of *res judicata* or collateral estoppel to administrative determinations, holding only that in the case before it the administrative determination had been pursuant to executive, not administrative or judicial authority. It did not rule that there be a court-like hearing or examination or cross-examination of witnesses.

The point is made clear in *Capital Tel. Co. v Pattersonville Tel. Co.* (56 NY2d 11, 17-18) also relied upon in the dissent, where the court stated: "Collateral estoppel (or issue preclusion as is its more modern name, see *Matter of American Ins. Co. [Messinger — Aetna Cas. & Sur. Co.]*, 43 NY2d 184, 189, n 2) applies to administrative as well as judicial proceedings (*Bernstein v Birch Wathen School,* 51 NY2d 932; *Matter of Evans v Monaghan,* 306 NY 312, 323-324; *United States v Utah Constr. Co.,* 384 US 394, 422; *Tipler v Du Pont de Nemours & Co.,* 443 F2d 125, 128; see Restatement, Judgments 2d [Tent Draft No. 7], § 131). Required for application of the doctrine in either type proceeding are that the issue as to which preclusion is sought be identical with the issue decided in the prior proceeding, that the issue have been necessarily decided in

the prior proceeding, and that the litigant who will be held precluded in the present proceeding have had a full and fair opportunity to litigate the issue in the prior proceeding (*Gilberg v Barbieri,* 53 NY2d 285, 291; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71; see *B.R. De Witt, Inc. v Hall,* 19 NY2d 141). The burden of establishing the first two elements rests upon the proponent of preclusion, but as to the lack of a full and fair opportunity to contest, the burden is on the opponent (*Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 73, *supra; B.R. De Witt, Inc. v Hall,* 19 NY2d 141, 148, *supra*)."

That the ultimate issue in this action and in the retirement proceeding are identical is beyond dispute. Did plaintiff fall over a tree stump? That it was necessarily decided in the retirement proceeding is equally undebatable. Plaintiff's right to an accidental disability retirement was dependent upon proof his injury resulted from such fall over a tree stump, an "external fortuitous event" as opposed to his own negligence or independent action in the performance of his ordinary employment duties (*Matter of Lichtenstein v Board of Trustees,* 57 NY2d 1010, 1012; *Matter of Menna v New York City Employees' Retirement System,* 91 AD2d 537; *Matter of Shannon v Board of Trustees,* 92 AD2d 528). Plaintiff has not met the burden of establishing that he did not have a full and fair opportunity to contest the issue, as required (*Capital Tel. Co. v Pattersonville Tel. Co.,* 56 NY2d 11, 18, *supra; Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 73, *supra; B.R. DeWitt, Inc. v Hall,* 19 NY2d 141, 148, *supra*).

As the *Capital Tel. Co.* court noted (*supra*), that was an antitrust action where the defendant sought to dismiss the plaintiff's complaint based on a prior determination by the Public Service Commission dismissing a proceeding premised solely upon a letter of complaint. No evidentiary hearing had been held. The later proceeding was an action by a competitor asserting that the defendant's actions violated the Donnelly Act, an issue not necessarily determined in the prior proceeding, although price differentials were acknowledged. The new issue was whether such differentials amounted to discrimination between defendant and plaintiff as to revenues so as to interfere with

the plaintiff's rights in violation of the Donnelly Act. As the court stated, the prior finding that the defendant's actions were not illegal would not constitute a defense if it could be shown they actually restrained competition. The dispute was not over the facts, but over their consequences.

Here, the issue is factual, whether the plaintiff fell over a tree stump. All of the information and records were before the Medical Board three times, the Board of Trustees twice, followed by review at Special Term and this court in the prior action and proceeding. No rights were denied to the plaintiff. He was examined by the Medical Board twice and his attorney made detailed submissions to that Board and to the Board of Trustees. He was afforded every opportunity to be heard and he was heard. He also had and utilized the opportunity for judicial review. This was sufficient for collateral estoppel (*Ashcraft Excavating Co. v Clark,* 79 AD2d 722).

As this court has previously held in *Bernstein v Birch Wathen School* (71 AD2d 129, 133), where the issue is "in all respects, identical to the issue tried and resolved" in the prior proceeding and that single issue is dispositive of all others in the case and it has been determined by a valid and final judgment, it cannot again be litigated between the same parties (citing *Ashe v Swenson,* 397 US 436, 443).

The single dispositive issue here is whether the plaintiff fell over a tree stump. Plaintiff having been afforded an opportunity to prove that fact, it has been found against him. He is not entitled to relitigate the same issue, albeit against a different adversary.

The order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered June 30, 1983 granting the motion of defendant the New York City Housing Authority and permitting defendant to amend its answer to assert the affirmative defense of collateral estoppel and granting summary judgment based upon such defense should be affirmed, without costs.

SILVERMAN, J. (dissenting). We would reverse the order appealed from and deny defendant Housing Authority's motion to amend its answer to include the defense of collateral estoppel, and deny its motion for summary judgment dismissing the complaint.

In our view, the decision of the Medical Board and Trustees of the Employees Retirement System disallowing the claim of plaintiff, a New York City sanitation man, for accident disability, and thus necessarily rejecting his claim that he stumbled and fell on a tree stump, should not be *res judicata* (issue preclusion) with respect to that question of fact in his action for personal injuries against the City Housing Authority.

This does not mean that the disallowance of the claim for accident disability retirement can be attacked. It is well recognized that the question "whether the prior determination should be vacated" is different from the question "whether it should be given conclusive effect beyond the case in which it was made". (*Gilberg v Barbieri,* 53 NY2d 285, 292.)

We think that the retirement allowance proceeding before the Medical Board and the Trustees of the Retirement System does not constitute that "full and fair opportunity to contest the decision" which is a prerequisite to collateral estoppel. (*Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71.)

When the first decision is by an administrative agency, issue preclusion requires that the administrative agency that rendered the first decision shall have acted "in a quasi-judicial capacity" rather than in some executive or quasi-legislative capacity. (*Matter of Venes v Community School Bd.,* 43 NY2d 520, 525.)

"The doctrines of *res judicata* and collateral estoppel are applicable to give conclusive effect to the quasi-judicial determinations of administrative agencies * * * when rendered pursuant to the adjudicatory authority of an agency to decide cases brought before its *tribunals employing procedures substantially similar to those used in a court of law.*" (*Ryan v New York Tel. Co.,* 62 NY2d 494; emphasis added; accord Restatement, Judgments 2d, § 83, Comment *b,* at p 268.) The administrative forum must have the "essential procedural characteristics of a court." (Restatement, Judgments 2d, § 83, Comment *b,* at p 269.) The procedure of the Retirement System does not meet these requirements; in particular, there is no court-like hearing — no examination and cross-examination of witnesses, no

presiding officer performing the functions of a Judge, no "adversary proceeding." (Cf. *Matter of Venes v Community School Bd.,* 43 NY2d, at p 525.) In *Nasem v Brown* (595 F2d 801, 807), and *Capital Tel. Co. v Pattersonville Tel. Co.,* 56 NY2d 11, 21), issue preclusion was denied with respect to administrative agencies, in part because there was no court-like hearing.

Further, even when the first determination is by a court, issue preclusion may not apply where "the party against whom it is invoked can avail himself of procedures in the second action that were not available to him in the first action and that may have been significantly influential in determination of the issue. Differences in this regard include such procedures as discovery devices and plenary as distinct from summary hearing." (Restatement, Judgments 2d, § 29, Comment *d,* at p 293.) The opportunity for judicial review of a determination of the Retirement System is obviously more limited than the judicial examination and review in an independent plenary suit like an action for damages for personal injury.

To the extent that the decision in *Ashcraft Excavating Co. v Clark* (79 AD2d 722 [3d Dept]) appears to be contrary to our views, we respectfully disagree with it.

CARRO and BLOOM, JJ., concur with FEIN, J.; MURPHY, P. J., and SILVERMAN, J., dissent in an opinion by SILVERMAN, J.

Order, Supreme Court, New York County, entered on June 30, 1983, affirmed, without costs and without disbursements.