OPINION OF THE COURT
Gerard M. Weisberg, J.
The question of whether the State of New York may be held liable in damages for the improper release of prisoners on parole has recently been resolved by the Court of Appeals. (Tarter v State of New York, 68 NY2d 511.) We are now confronted with the reverse, namely, whether a cause of action for false imprisonment will lie in the Court of Claims for improper revocation of parole.
*420 Allen Lublin seeks a pecuniary award for his incarceration following what he contends to have been an illegal parole revocation hearing. His papers document various alleged improprieties in the conduct of these proceedings, including some of constitutional dimensions. (Morrissey v Brewer, 408 US 471.) The State has moved to dismiss on a number of grounds.
Judgment must be granted to defendant because this court lacks subject matter jurisdiction. The Legislature has not vested the Court of Claims with the power to review determinations of administrative agencies and the acts alleged to have been committed do not come within the purview of the State’s waiver of immunity.
Based upon appellate authority, this court has consistently held that where statutes provide a method for review of adjudications by administrative agencies, they must be followed. A collateral review may not be sought under the guise of a claim for money damages. (Rabinovici v State of New York, 108 Misc 2d 664 [State Division of Human Rights]; Fisher v O’Neil, NYLJ, Sept. 27, 1985, at 11, col 7 [Tax Commission]; Bock v State of New York, NYLJ, Jan. 27, 1982, at 10, col 7 [Workers’ Compensation Board]; Weiser v State of New York, Ct Cl, July 20, 1984, appeal dismissed NYLJ, Feb. 20, 1986, at 7, col 2 [Unemployment Insurance Appeals Board]; Lentine v State of New York, Ct Cl, May 5, 1981 [Insurance Department].)
Determination of the proprieties of parole revocation hearings are to be pursued in accordance with Executive Law § 259-i (4) and 9 NYCRR part 8006.
Judicial review is obtained either by a proceeding against the State Board of Parole (CPLR art 78) or by writ of habeas corpus (CPLR art 70), jurisdiction over which has been vested in the Supreme Court. (See, Matter of Soto v New York State Bd. of Parole, 107 AD2d 693, affd 66 NY2d 817.) Under limited circumstances, a remedy in the Federal courts may also be available. (See, 28 USC § 2254; Guida v Nelson, 603 F2d 261; A Jailhouse Lawyer’s Manual, 16 Colum Hum Rts L Rev 122, 210.)
Moreover, the question of parole and its revocation are deemed strictly sovereign and quasi-judicial in nature. The State has not waived immunity with respect to these activities. (Tarter v State of New York, 68 NY2d 511, supra; see also, Arteaga v State of New York, 125 AD2d 916.)
The claimant contends that his action should not be dismissed and he is entitled to summary judgment because the *421 answer of the State omitted to plead certain defenses. However, the grounds upon which we rely in making our determination deal with this court’s subject matter jurisdiction. They are never waived, may be raised at any time and even sua sponte by the court. (Heisler v State of New York, 78 AD2d 767; Jimerson Hous. Co. v Butler, 102 Misc 2d 423 [App Term].)
He also argues that there was no requirement to exhaust administrative remedies before pursuing an action in this court because they would have been futile. (4 Davis, Administrative Law § 26:11 [1983].) Whether or not there would have been a reversal based on the improprieties now urged in this court is speculative. (Cf., People ex rel. Piccarillo v State Bd. of Parole, 48 NY2d 76.) Nor would there necessarily have been a delay which would have meant a Pyrrhic victory because in cases involving revocation of parole, the Supreme Court will grant requests for expeditious review. (People ex rel. Van Fossen v Dillon, 72 AD2d 166; People ex rel. Mathews v Henderson, 69 AD2d 991.)
This court is aware that some scholars and practitioners are critical of the extent to which the State of New York has waived its immunity. (Sherry, Myth that the King Can Do No Wrong: A Comparative Study of the Sovereign Immunity Doctrine in the United States and New York Court of Claims, 22 Admin L Rev 597 [1970].) However, this nisi prius court cannot undertake to effect a change where the power to do so is vested exclusively in the people and the Legislature. (NY Const, art VI, § 9; Court of Claims Act § 8.)
In view of the foregoing, it is unnecessary to address any other issue raised by the parties.
We conclude with the observation made several years ago by Honorable Edward M. Murray, then a member of this tribunal: "While the Court has found many cases dealing with erroneous parole revocations, the Court has failed to find any published decision which awarded to an aggrieved parolee damages for illegal or improper revocation of his parole. While the Court may sympathize with a parolee whose parole has been improperly revocated [sic], the Court cannot substitute its judgment for that of the Parole Board and award damages for an improper parole revocation.” (Raco v State of New York, Ct Cl, Sept. 18, 1980, at 2.)
The claim is dismissed.