Mildred ROSARIO, Plaintiff–Appellant,

v.

JOHN DOES 1–10, Individuals, Jane Does 1–10, Individuals, Doe Governmental Entities 1–10, Doe Corporations 1–10, Doe Partnerships 1–10, Defendants,

Board of Education of the City of New York, a duly appointed agency of the City of New York, a municipal corporation under the laws of the State of New York, Rudolph F. Crew, Chancellor, Board of Education of the City of New York, in his official capacity, William C. Thompson, President, Board of Education of the City of New York, in his official capacity, Jerry Cammarata, Member, Board of Education of the City of New York, in his official capacities, Irving Hamer, Member, Board of Education of the City of New York, in his official capacity, Sandra E. Learner, Member, Board of Education of the City of New York, in her official capacities, Nisa Segarra, Member, Board of Education of the City of New York, in her official capacities, Terri Thompson, Member, Board of Education of the City of New York, in her official capacities, Barbara Byrd Bennett, Supervising Superintendent of the Board of Education of the City of New York, Chancellor's District, in her official capacity, Joseph Dejesus, Superintendent, District 72 (The Bronx), Board of Education of the City of New York, in his official capacity, Leroy Johnson, Principal, Hunts Point Middle School for Law and Engineering, in his individual and official capacities, Defendants–Appellees.

Docket No. 01–9010.

United States Court of Appeals, Second Circuit.

June 10, 2002.

[black bar]

[black bar]

Mildred Rosario, New York, NY, pro se.

Cheryl Payer, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel), New York, NY, for Appellees.

Present STRAUB, SOTOMAYOR, Circuit Judges, and GOLDBERG, Judge.*

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Mildred Rosario ("Rosario"), *pro se,* appeals from a judgment of the United States District Court for the Southern District of New York (William H. Pauley, III, *Judge* ) following a jury verdict against her. Rosario argues that the District Court erred in dismissing several of her claims pursuant to Rule 50 following the close of her case at trial. Rosario also claims that the District Court erred in denying her motion to set aside the jury's verdict after it ruled against her on her remaining claims.

In her complaint, which arose under 42 U.S.C.1983 and state law, Rosario alleged that the defendants-appellees (collectively the "School Board") violated her due process, equal protection, and First Amendment free exercise and free speech rights by terminating her employment as a substitute teacher at Hunts Point Middle School in the Bronx. Rosario also brought claims for wrongful termination and intentional infliction of emotional distress, *inter alia.*

At trial, Rosario, who was represented by counsel, testified that on the morning of June 8, 1998, an announcement was made over the school intercom that a Hunts Point student had died. The school was asked to observe a moment of silence. After the announcement, Rosario's 6th grade students began to cry and hold each other. In an attempt to comfort her students, Rosario spoke for several minutes about her religious views. For example, Rosario stated that according to the Bible, "Jesus was the son of God" and that "one must come through Jesus to get to God." Rosario also approached each student, placing her hand on their foreheads, and asked God to protect them and their families. Prior to beginning her discussion, Rosario told the students that they need not participate, but could instead go to their computers or open their books. Rosario also specifically asked a student named Lisette Santos whether she wanted Rosario to pray for her, because Rosario knew that Lisette was a Jehovah's witness and that Lisette's mother had requested that Lisette not participate in the pledge of allegiance.

The following day, Lisette Santos's mother lodged a complaint. Rosario testified that for the next three days, she was not permitted to teach her class and was told to remain in a storage room during school hours. She also testified that Leroy Johnson ("Johnson"), principal of the school, forced her to write a statement about the incident without allowing sufficient time for preparation and refused her request for headache medicine. Thereafter, a hearing was held at the Chancellor's District at which Rosario testified and was represented by two union representatives.

* The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

At the conclusion of the hearing, Rosario was told that she had been terminated from her position and that her license had been revoked.

After Rosario rested her case, the School Board moved for judgment as a matter of law on all of Rosario's claims pursuant to Rule 50. At that time, Rosario withdrew her free exercise claim. The District Court granted the School Board's motion and entered a directed verdict in its favor on all claims except Rosario's equal protection claim for wrongful dismissal based on religion or national origin and her claim against Johnson for intentional infliction of emotional distress. After the jury found against Rosario on those claims, she moved to set aside the verdict as being against the weight of the evidence. The court denied that motion and judgment was entered dismissing the complaint.

In ruling on the School Board's Rule 50 motion, the District Court found that Rosario's due process claim for wrongful termination failed because as a non-tenured substitute teacher, she did not "enjoy a property right in ... continued employment," and moreover, adequate postdeprivation remedies existed in the form of an appeal to the Chancellor's Committee and an Article 78 proceeding. *See Venes v. Community Sch. Bd.,* 43 N.Y.2d 520, 525, 402 N.Y.S.2d 807, 373 N.E.2d 987 (1978); *Giglio v. Dunn,* 732 F.2d 1133, 1135 (2d Cir.1984), *cert. denied,* 469 U.S. 932, 105 S.Ct. 328, 83 L.Ed.2d 265 (1984). Similarly, the court dismissed Rosario's state law claims for wrongful termination and violation of the state's education laws on the ground that she was an at-will employee and that her collective bargaining agreement, which afforded her limited protections, did not provide for dismissal only "for cause." *See Harrison v. Banque Indosuez,* 6 F.Supp.2d 224, 230–32 (S.D.N.Y. 1998). The court also held that Rosario's

free exercise and free speech claims failed as a matter of law because "[Rosario's] actions on June 8, 1998, sufficiently introduced religious matter into the classroom and placed defendants at risk of violating principles animated by the establishment clause." *See Marchi v. Board of Cooperative Educational Services,* 173 F.3d 469, 477 (2d Cir.1999), *cert. denied,* 528 U.S. 869, 120 S.Ct. 169, 145 L.Ed.2d 143 (1999).

We review *de novo* a district court's grant of a motion for judgment as a matter of law. *See Phillips v. Bowen,* 278 F.3d 103, 108 (2d Cir.2002). "[T]he trial judge must direct a verdict [under Rule 50] if, under the governing law, there can be but one reasonable conclusion as to the verdict ... [i]f reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). After a careful review of the trial transcript, we find that the District Court properly entered a directed verdict against Rosario with regard to her due process, free speech, and related state law claims. As to Rosario's free speech claim, we note that even assuming her religious discussion with her students addressed a matter of public concern—a question the District Court did not address—the School Board's "strong, perhaps compelling interest in avoiding Establishment Clause violations" justified its actions in terminating Rosario. *See Marchi,* 173 F.3d at 475–77; *cf. also Knight v. Connecticut Dep't of Public Health,* 275 F.3d 156, 164–66 (2d Cir.2001).

We also review *de novo* a district court's ruling on a motion for judgment n.o.v. *See Song v. Ives Labs., Inc.,* 957 F.2d 1041, 1046 (2d Cir.1992). The district court should not grant judgment n.o.v. unless there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or

... [there is] such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." *Id.* (internal quotation marks omitted). Review of the record indicates that the District Court properly denied Rosario's motion to set aside the jury verdict. There was ample evidence upon which a reasonable jury could have found for the School Board on Rosario's claim that she was dismissed on the basis of her religion or national origin, and on her claim for intentional infliction of emotional distress against Johnson.

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.