■ In the Matter of DONN GERELLI ASSOCIATES INSURANCE AGENCY, INC., et al., Appellants, v BENJAMIN M. LAWSKY, Respondent. [52 NYS3d 862]—

Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered July 7, 2016, insofar as appealed from as limited by the briefs, denying the petition to annul a determination of the Superintendent of Financial Services of the New York State Department of Financial Services, dated June 1, 2015, which found that petitioners violated Insurance Law §§ 2119 and 2110 (a) (4), and ordered petitioners' licenses revoked unless they paid restitution in the aggregate amount of $6,434.25 and a civil penalty of $69,600, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The Superintendent's initial warning letter to petitioners, addressing their admitted statutory violations but declining enforcement at that time, which stated that the letter did not "constitute a formal administrative action," did not preclude respondent from subsequently charging petitioners with those violations and others following further investigation. The doctrines of res judicata and collateral estoppel are inapplicable to this proceeding, and petitioners' other theories in this regard are likewise unavailing (*see Matter of Venes v Community School Bd. of Dist. 26,* 43 NY2d 520, 525 [1978]). It is "the settled policy of the courts not to review the exercise of discretion by public officials in the enforcement of State statutes, in the absence of a clear violation of some constitutional mandate" (*Matter of Rivergate Co. v Board of Stds. & Appeals of City of N.Y.,* 144 AD2d 266, 266 [1st Dept 1988], *lv denied* 74 NY2d 605 [1989] [internal quotation marks omitted]). Petitioners' contentions that the determination was barred under 19 NYCRR 400.13 (a) and the doctrine of laches are without merit. The timeliness requirements of 19 NYCRR

400.13 (a) are applicable only to proceedings "under the jurisdiction of the Secretary of State." "[T]he equitable doctrine of laches may not be interposed as a defense against the State when acting in a governmental capacity to enforce a public right or protect a public interest" (*Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 177 n 2 [1985], *cert denied* 476 US 1115 [1986]).

We have considered petitioners' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Mazzarelli, Moskowitz, Manzanet-Daniels and Kapnick, JJ.